SONIA R. MARTIN (Bar No. 191148)
sonia.martin@dentons.com
DENTONS US LLP
1999 Harrison Street, Suite 1300
Oakland, California 94612
Tel: (415) 882-5000 / Fax: (415) 882-0300

JOEL D. SIEGEL (Bar No. 259571)
joel.siegel@dentons.com
PAUL M. KAKUSKE (Bar No. 190911)
paul.kakuske@dentons.com
POOJA L. SHAH (Bar No. 330550)
pooja.l.shah@dentons.com
DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5704
Tel: (213) 623-9300 / Fax: (213) 623-9924

Attorneys for Defendant
NATIONWIDE MUTUAL INSURANCE CO.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONYA VALENZUELA, individually and on behalf of all others similarly situated,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>NATIONWIDE MUTUAL INSURANCE CO., an Ohio corporation; and DOES 1 through 25, inclusive,<br><br>　　　　　Defendants. | Case No. 2:22-cv-06177<br><br>**NOTICE OF REMOVAL UNDER CAFA, 28 U.S.C. § 1332(d), 28 U.S.C. § 1441, 28 U.S.C. § 1446, AND 28 U.S.C. § 1453**<br><br>[From the Superior Court of California, County of Los Angeles, Case No. 22STCV24136] |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HER ATTORNEYS OF RECORD**:

PLEASE THAT NOTICE that pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), 28 U.S.C. § 1441, 28 U.S.C. § 1446, and 28 U.S.C. § 1453, Defendant NATIONWIDE MUTUAL INSURANCE CO. ("Nationwide" or "Defendant") hereby files its Notice of Removal of the above-entitled action from the

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California. In support of its removal, Defendant respectfully offers the following:

## I.   BACKGROUND

1. On July 26, 2022, Plaintiff Sonya Valenzuela ("Plaintiff") filed a civil action, on behalf of a putative California Class, captioned *Sonya Valenzuela, individually and on behalf of all others similarly situated, v. Nationwide Mutual Insurance Co., an Ohio Corporation, and Does 1-25, inclusive*, Los Angeles County Superior Court Case No. 22STCV24136 ("State Court Action").

2. The sole named defendant in the State Court Action is Nationwide Mutual Insurance Co.

3. Plaintiff alleges a single cause of action against Nationwide for invasion of privacy in violation of California Penal Code section 631. (Complaint ¶¶ 25-31). The Complaint alleges that Nationwide's website secretly monitors the "keystrokes and mouse clicks" of all visitors to the website and that Nationwide is thus "wiretapping" those visitors in violation of Penal Code section 631. (*Id.* ¶¶ 1-3.)

4. On August 1, 2022, a copy of the Summons, Complaint, and associated papers were personally served on Nationwide's registered agent for service of process. Pursuant to 28 U.S.C. § 1446(a), all of the pleadings and papers filed and served upon Nationwide in the State Court Action, including the Complaint, are attached as **Exhibit A**.

5. Nationwide is filing this Notice of Removal within thirty (30) days of the service of Plaintiff's Complaint on it in this action, and thus removal is timely under 28 U.S.C. section 1446.

6. The State Court Action is removable to this Court, and this Court has jurisdiction over this action, under CAFA, 28 U.S.C. § 1332(d), 28 U.S.C. § 1446, and 28 U.S.C. § 1453, because the State Court Action satisfies all the requirements under CAFA for federal jurisdiction based upon Plaintiff's allegations and theories

(which Nationwide disputes, but which control for removal purposes): (1) the parties are minimally diverse; (2) the amount in controversy exceeds the $5,000,000 jurisdictional threshold; (3) the proposed class consists of more than 100 putative class members; and (4) the exceptions to CAFA preventing removal do not apply.

## II. THE STATE COURT ACTION IS REMOVABLE UNDER CAFA, 28 U.S.C. § 1332(d).

7. Plaintiff brings this case as a putative class action pursuant to California Code of Civil Procedure section 382. (Complaint ¶ 19). In particular, Plaintiff filed this putative class action Complaint on behalf of:

> "All persons within California, who (1) within one year of the filing of this Complaint visited Defendant's website, and (2) whose electronic communications were caused to be intercepted, recorded, and/or monitored by Defendant without prior consent." (*Id.*)

Therefore, this action is a proposed "class action" under 28 U.S.C. § 1332(d)(1)(B), defined as "any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action be brought by 1 or more representative persons as a class action."

8. CAFA expands federal jurisdiction over class actions and expressly provides that class actions filed in state court are removable to federal court where (a) any member of the putative class is a citizen of a State different from that of any defendant; (b) the aggregate amount in controversy for the putative class exceeds $5,000,000 exclusive of interest and costs; and (c) the putative class contains at least 100 members. 28 U.S.C. § 1332(d); *see Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1020-21 (9th Cir. 2007). This suit satisfies all the requirements under CAFA for federal jurisdiction.

### A. Burden on Removal

9. In removing an action to federal court under CAFA, a defendant is not required to submit evidence that the jurisdictional elements are satisfied. To the

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

contrary, a "defendant's notice of removal need include only a plausible allegation" that the CAFA requirements are satisfied. *Dart Cherokee Basin Operating Co. v. Owens*, 547 U.S. 81 (2014).

### B.  Minimal Diversity Exists.

10. CAFA requires minimal diversity – at least one putative class member must be a citizen of a state different than one defendant. 28 U.S.C. § 1332(d)(2)(A). Here, many putative class members are citizens of the State of California. Specifically, Plaintiff "brings this class action on her own behalf and on behalf of all other Californians" whose electronic communications on Defendant's website, http://www.nationwide.com, were allegedly wiretapped. (Complaint ¶¶ 1, 19.) "[A] person's place of residence . . . is prima facie proof of his domicile" for purposes of jurisdiction. *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011); *see State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994) (same); *Gonzalez v. First NLC Fin. Serv.*, 2009 WL 2513670, at *2 (C.D.Cal. Aug. 12, 2009) (same).

11. In fact, the putative class contains at least one putative class member who is expressly identified as a citizen of the State of California, namely, Plaintiff Sonya Valenzuela. (Complaint ¶ 7); *see Mondragon v. Capital One Auto Finance*, 736 F.3d 880, 886 (9th Cir. 2013) ("under CAFA, the jurisdictional allegations in the complaint can be taken as a sufficient basis, on their own, to resolve questions of jurisdiction where no party challenges the allegations. . . ."); *see also Hollinger*, 654 F.3d at 571 (residence is "prima facie proof" of domicile).

12. For the purposes of CAFA, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Here, Nationwide alleges that it is a corporation organized under the laws of the State of Ohio. (*See also* Complaint ¶ 8) (alleging that Nationwide is "an Ohio corporation").

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

13. The phrase "principal place of business" refers to the place where a company's "high level officers direct, control, and coordinate" operations, and will "typically be found" at a company's headquarters. *Hertz Corp. v. Friend*, 559 U.S. 77, 80-81, 175 L.Ed.2d 1029, 130 S.Ct. 1181 (2010).

14. Here, Nationwide's officers direct, control, and coordinate Nationwide's activities from its headquarters in Columbus, Ohio. Thus, Nationwide's principal place of business is in the State of Ohio. Because Nationwide is a citizen of Ohio, and because many putative class members are citizens of California, minimal diversity exists.

### C. The Putative Class Exceeds 100 Members.

15. CAFA requires that the class consist of at least 100 persons. *See* 28 U.S.C. § 1332(d)(5). This requirement is met here. Plaintiff alleges she "does not know the number of Class Members but believes the number to be in the *tens of thousands, if not more*." (*See* Complaint ¶ 20 (emphasis added).)

### D. The CAFA Amount-in-Controversy Requirement is Satisfied.

16. CAFA also requires that the aggregate amount in controversy exceed $5,000,000 for the entire putative class, exclusive of interest and costs. 28 U.S.C. § 1332(d)(6) ("In any class action, the claims of the individual class members shall be aggregated to determine whether the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs."). In a Notice of Removal, a defendant need only allege that it is more likely than not that the amount in controversy exceeds $5,000,000. *See Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997). Moreover, the ultimate inquiry depends on what amount is "put in controversy" by the plaintiff -- not what a defendant will actually owe. *Rippee v. Boston Mkt. Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005). In considering whether the amount in controversy is met in actions seeking statutory penalties, courts may consider the statutory maximum penalty available under the claims asserted. *See Chabner v. United of Omaha Life Ins. Co.*, 225 F.3d 1042, 1046 n.3

(9th Cir. 2000); *Morey v. Louis Vuitton N. Am., Inc.*, 461 Fed. Appx. 642, 643 (9th Cir. 2011) (CAFA amount-in-controversy satisfied where "complaint sought [statutory] penalties of 'up to ... $1,000 per violation'").

17. Here, based upon Plaintiff's allegations and theories (which Nationwide disputes, but which control for removal purposes), the $5,000,000 amount in controversy requirement is satisfied. Plaintiff's prayer for relief seeks for Plaintiff and each member of the putative class, statutory damages for violations of California Penal Code § 631(a) and punitive damages pursuant to Cal. Civil Code § 3294.

18. The Complaint does not quantify the number of alleged wiretaps at issue, or otherwise quantify the amount of damages sought. (*See* Complaint ¶ 31 (alleging only that the putative class is entitled to "injunctive relief and statutory damages of at least $2,500 per violation.").) The Complaint alleges Plaintiff "does not know the number of Class Members but believes the number to be in the tens of thousands, if not more." (*See* Complaint ¶ 20). Thus, the amount in controversy far exceeds the $5,000,000 to satisfy CAFA's amount in controversy requirement (*i.e.*, $2,500 in statutory damages per violation multiplied by 10,000 putative class members alone equals $25,000,000).

19. The exceptions to CAFA preventing removal do not apply here.

**IV.   REMOVAL TO THE CENTRAL DISTRICT IS PROPER**

20. This Notice of Removal is filed within thirty days of August 1, 2022, when Nationwide was served with the Summons and Complaint in the State Court Action. Thus, this Notice of Removal is timely filed in accordance with 18 U.S.C. § 1446(b).

21. The United District Court for the Central District of California embraces the county and court in which the Plaintiff filed this case. 28 U.S.C. § 84(c). Therefore, this action is properly removed to this Court pursuant to 28 U.S.C. § 1446(a).

22. Pursuant to 28 U.S.C. § 1446(a), Nationwide has attached as Exhibit A,

a copy of all process, pleadings and orders served upon it in the State Court Action.

23. Nationwide will promptly serve Plaintiff with this Notice of Removal, and will promptly file a copy of this Notice of Removal with the clerk of the Superior Court of the State of California for the County of Los Angeles, as required by 28 U.S.C. § 1446(d).

Dated: August 30, 2022

Respectfully submitted,

DENTONS US LLP

By: */s/ Joel D. Siegel*
Sonia R. Martin
Joel D. Siegel
Paul M. Kakuske
Pooja L. Shah

Attorneys for Defendant
NATIONWIDE MUTUAL INSURANCE CO.

122089049