JOEL D. SIEGEL (Bar No. 155581)
joel.siegel@dentons.com
PAUL M. KAKUSKE (Bar No. 190911)
paul.kakuske@dentons.com
POOJA L. SHAH (Bar No. 330550)
pooja.l.shah@dentons.com
DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, California  90017-5704
Tel: (213) 623-9300 / Fax: (213) 623-9924

SONIA R. MARTIN (Bar No. 191148)
sonia.martin@dentons.com
DENTONS US LLP
1999 Harrison Street, Suite 1300
Oakland, California  94612
Tel: (415) 882-5000 / Fax: (415) 882-0300

Attorneys for Defendant
NATIONWIDE MUTUAL INSURANCE CO.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONYA VALENZUELA, individually and on behalf of all others similarly situated,<br><br>     Plaintiff,<br><br>     v.<br><br>NATIONWIDE MUTUAL INSURANCE CO., an Ohio corporation; and DOES 1 through 25, inclusive,<br><br>     Defendants. | Case No. 2:22-cv-06177 MEMF (SKx)<br><br>**DEFENDANT NATIONWIDE MUTUAL INSURANCE COMPANY'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>Date:  January 12, 2023<br>Time:  10:00 a.m.<br>Dept.:  8B<br><br>Hon. Maame Ewusi-Mensah Frimpong |

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

## **<u>TABLE OF CONTENTS</u>**

**Page**

I.    INTRODUCTION ................................................................................7

II.   PLAINTIFF'S ALLEGATIONS ........................................................9

III.  PROCEDURAL HISTORY ................................................................9

IV.   LEGAL STANDARD ......................................................................10

V.    ARGUMENT ...................................................................................11

    A.    PLAINTIFF FAILS TO STATE A CLAIM UNDER SECTION 631 ........................................................................................11

        1.    PLAINTIFF DOES NOT STATE A "WIRETAPPING" [CLAUSE 1] CLAIM BECAUSE SHE FAILS TO PLEAD THAT SHE COMMUNICATED VIA A "TELEPHONE OR TELEGRAPH WIRE, LINE, CABLE, OR INSTRUMENT" ....................................................11

        2.    PLAINTIFF'S SECTION 631 EAVESDROPPING CLAIM [CLAUSE 2] FAILS AS WELL.................................13

            A.    NATIONWIDE CANNOT "EAVESDROP" ON ITS OWN WEBSITE ......................................13

            B.    PLAINTIFF HAS NOT ALLEGED AN ACTUAL INTERCEPTION BY ANY THIRD PARTY.................15

            C.    PLAINTIFF HAS NOT ALLEGED THE "CONTENTS" OF ANY INTERCEPTED COMMUNICATION. ......................................16

            D.    PLAINTIFF HAS NOT ADEQUATELY PLED A LEGALLY COGNIZABLE FORM OF TRANSMISSION. ......................................16

        3.    PLAINTIFF'S DERIVATIVE AIDING-AND-ABETTING THEORY IS ALSO FATALLY DEFICIENT...............................................................18

B.   PLAINTIFF FAILS TO STATE A CALL-RECORDING CLAIM UNDER SECTION 632.7. ..................................... 18

1.   PLAINTIFF FAILS TO ALLEGE THE TYPE OF TELEPHONE TECHNOLOGY ON EACH END OF THE PURPORTED COMMUNICATION WITH NATIONWIDE ................................................................ 18

2.   THE SENDER OF A TEXT-BASED COMMUNICATION, SUCH AS A CHAT MESSAGE OR EMAIL, HAS NECESSARILY CONSENTED TO THE INTENDED RECIPIENT'S RECORDATION OF THAT COMMUNICATION ..................................... 21

VI.   THE COMPLAINT SHOULD BE DISMISSED WITHOUT LEAVE TO AMEND. .............................................................. 22

VII.   CONCLUSION ............................................................... 23

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Allen v. Quicken Loans, Inc.*,
    2018 WL 5874088 (D. N.J. 2018)................................................................. 14

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ................................................................................... 10

*Cohen v. Casper Sleep, Inc.*,
    2018 WL 3392877 (S.D.N.Y. July 12, 2018)............................................ 14

*Ebner v. Fresh, Inc.*,
    838 F.3d 958 (9th Cir. 2016) ...................................................................... 22

*In re Facebook, Inc. Internet Tracking Litig.*,
    956 F.3d 589 (9th Cir. 2020) ...................................................................... 14

*In re GileadScis. Sec. Litig.*,
    536 F.3d 1049 (9th Cir. 2008) .................................................................... 10

*In re Google Ass't Privacy Litig.*,
    457 F. Supp. 3d 797 (N.D. Cal. 2020).................................................12, 16, 17

*Graham v. Noom, Inc.*,
    533 F. Supp. 3d 823 (N.D. Cal. 2021).................................................13, 14

*Hataishi v. First Am. Home Buyers Protection Corp.*,
    223 Cal. App. 4th 1454 (2014) ................................................................... 19

*Konop v. Hawaiian Airlines, Inc.*,
    302 F.3d 868 (9th Cir. 2002) ...................................................................... 16

*Mastel v. Miniclip SA*,
    549 F. Supp. 3d 1129 (E.D. Cal. 2021) .................................................11, 12

*Meacham v. El Pollo Loco, Inc.*,
    2020 WL 7866013 (Cal.Super. Sep. 10, 2020)(same) ........................... 19

*Membrila v. Receivables Performance Management, LLC*,
    2010 WL 1407274 (S.D. Cal. Apr. 6, 2010) ............................................ 13

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

*Mireskandari v. Mail,*
    2013 WL 12129559 (C.D.Cal. July 30, 2013) ...................................................... 17

*Montantes v. Inventure Foods,*
    2014 WL 3305578 (C.D. Cal. July 2, 2014) ........................................................ 19

*Navarro v. Block,*
    250 F.3d 729 (9th Cir. 2001) ............................................................................. 10

*Quigley v. Yelp, Inc.,*
    2018 WL 7204066 (N.D. Cal. Jan. 22, 2018) ..................................................... 17

*Rogers v. Ulrich,*
    52 Cal. App. 3d 894 (1975) ............................................................................... 13

*Rosenow v. Facebook, Inc.,*
    2020 WL 1984062 (S.D. Cal. Apr. 27, 2020) ..................................................... 17

*Saleh v. Nike, Inc.,*
    562 F. Supp. 3d 503 (C.D. Cal. 2021) ........................................................ 14, 15

*Simpson v. Best W. Int'l, Inc.,*
    2012 WL 5499928 (N.D. Cal. 2012) ................................................................. 21

*Smith v. LoanMe, Inc.,*
    11 Cal. 5th 183 (2021) ................................................................................ 20, 21

*Ticketmaster L.L.C. v. Prestige Ent. W., Inc.,*
    315 F.Supp.3d 1147 (C.D. Cal. 2018) ............................................................... 10

*In re Vizio, Inc., Consumer Privacy Litig.,*
    238 F. Supp. 3d 1204 (C.D.Cal. 2017) .............................................................. 17

*Warden v. Kahn,*
    99 Cal. App. 3d 805 (1979) ............................................................................... 13

**Statutes**

32 United States Code
    § 1332(d) ............................................................................................................. 9

California Invasion of Privacy Act
    § 631 .......................................................................................................... *passim*
    § 632.7 ....................................................................................................... *passim*

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

California Penal Code
    § 631 ................................................................................................*passim*
    § 631(a)................................................................................11, 12, 16, 17
    § 632.7(a)................................................................................................18
    § 632.7(c)(1) ..........................................................................................20

**Rules and Regulations**

Federal Rules of Civil Procedure
    Rule 12(b)(6) ..................................................................................10, 21

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

## I.    INTRODUCTION

Plaintiff's Amended Complaint represents her second meritless attempt to extend the California Invasion of Privacy Act ("CIPA") wiretapping and eavesdropping provisions (Cal. Penal Code § 631) and call-recording provision (*id.* § 632.7) to the routine monitoring of "chat communications" that Defendant Nationwide Mutual Insurance Co. ("Nationwide")—along with countless other companies—performs on its *own website*.

Plaintiff, who does not purport to be a Nationwide customer, and has filed this and over a dozen cookie-cutter versions of this same complaint against a host of companies, alleges that on some unspecified date she "visited" Nationwide's website.[1]  While she makes reference to a "chat feature" on that website, she does not allege whether *she herself* actually communicated with Nationwide via any chat

---

[1] To date, counsel for Plaintiff have filed no less than 29 cookie-cutter actions in California state and federal courts, all in the name of one of three individuals, each of whom claim without any specificity to have also "visited" the websites of defendants at some point over the last year. *See, e.g.* Nationwide Request for Judicial Notice ("RJN"), Exhibits ("Ex.") A at 6, B at 14, C at 22, E at 41, F at 49, H at 69, I at 77, J at 85, K at 93; *Byars v. Casper Sleep, Inc.* CIVSB2215902 (San Bernardino Superior Court); *Byars v. Whirlpool Corp.*, CIVSB2215944 (San Bernardino Superior Court); *Byars v. Goodyear Tire and Rubber Corp.*, 5:22-cv-01358 (C.D. Cal); *Byars v. Rite Aid Corp.*, 5:22-cv-01377 (C.D. Cal); *Byars v. Sterling Jewelers, Inc.*, 5:22-cv-1456 (C.D. Cal); *Byars v. Hot Topic, Inc.*, 5:22-cv-1652 (C.D. Cal); *Cody v. Tiffany & Co.*, 30-2022-01272211(Orange County Superior Court); *Cody v. Dollar Shave Club, Inc.*, 30-2022-01272183 (Orange County Superior Court); *Cody v. Boscov's, Inc.*, 8:22-cv-1434 (C.D. Cal); *Cody v. Warby Parker, Inc.*, 30-2022-01273354 (Orange County Superior Court); *Cody v. Columbia Sportswear Co.*, 30-2022-01273036 (Orange County Superior Court); *Cody v. Promises Behavior Health, LLC*, 8:22-cv-1529 (C.D. Cal); *Cody v. Athletic Propulsion Labs LLC*, 8:22-cv-1627 (C.D. Cal); *Licea v. Adidas America Inc.*, CIVSB2216418 (San Bernardino Superior Court); *Licea v. The Talbots, Inc.*, CIVSB2116443 (San Bernardino Superior Court); *Licea v. Puma North America*, CIVSB2216418 (San Bernardino Superior Court); *Licea v. Autozone Inc.*, CIVSB2216467 (San Bernardino Superior Court); *Licea v. Gamestop Inc.*, 5:22-cv-1562 (C.D. Cal); *Licea v. American Eagle Outfitters Inc.*, 5:22-cv-1702 (C.D. Cal).

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

feature, much less the contents of any such communication.  She further alleges, in the most cursory and evasive manner, that Nationwide "paid" a third party to intercept Nationwide's own website communications. Yet, once again, she never alleges what communication she had with Nationwide, if any, that was *actually* intercepted, let alone by a stranger to the transmission.  Nor can she.

Against this backdrop, Plaintiff's Section 631 "wiretapping" and "eavesdropping" claims fail for multiple reasons.  As to her "wiretapping" theory, she fails to allege that she communicated via a "telephone or telegraph."  Her "eavesdropping" claims are equally flawed.  It is black letter law that a party cannot "eavesdrop" on its own website communications.  Thus, Nationwide cannot be directly liable for eavesdropping.  Nor has Plaintiff alleged the circumstances of any "interception" of her communication, much less the "contents" thereof, both of which are requisite elements of a Section 631 eavesdropping claim.  Plaintiff's derivate "aiding and abetting" theory also fails, given the absence of any adequately pled, predicate violation.

Plaintiff's newly added call-recording claim under CIPA Section 632.7 is similarly misplaced.  It is a misguided attempt to apply Section 632.7 – enacted and historically applied in response to a perceive gap in the regulation of *auditory* wireless telephone calls – to written, text-based communications.  No court has ever applied Section 632.7 in the counter-intuitive manner that Plaintiff now proposes.

The conduct Plaintiff alleges in these copycat suits encompasses an extraordinary volume of the day-to-day text communications that occur on most commercial websites.  A website operator collecting routine browsing and chatbot information on its own site is not remotely akin to a third-party interloper  secretly listening in on, or recording, a phone call.  The Court should reject Plaintiff's invitation to drastically expand the scope of liability under CIPA to expose vast swaths of website operators to criminal and civil liability.

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

## II.    PLAINTIFF'S ALLEGATIONS

Plaintiff alleges that, at some unknown time in the past year, she "visited [Nationwide's] website." (First Amended Complaint ("FAC") ¶ 14.)   She does not claim to be a Nationwide customer or insured, and provides no explanation as to why she purportedly "visited" Nationwide's site.  She repeatedly refers to various functionalities on Nationwide's website, yet never alleges that she herself engaged in any specific communication with Nationwide, whether by "chat," by telephone, or otherwise.

Plaintiff further alleges, also in conclusory fashion, that Nationwide paid a "third-party company (named 'Akamai' and 'Kustomer')" (*id.* ¶ 9) to "embed code into [Nationwide's] website that enables Akamai to secretly intercept in real time, eavesdrop upon, and store transcripts of [Nationwide's] chat communications . . ." (*Id.*, ¶ 9, 11).  No further detail is provided as to the relationship between Nationwide and the "company named 'Akamai' and 'Kustomer,'" or how that company purportedly intercepts "chat communication" traffic on Nationwide's site, let alone any text communication by Plaintiff.

## III.    PROCEDURAL HISTORY

On July 26, 2022, Plaintiff filed her Complaint in Los Angeles County Superior Court, asserting a single cause of action for violation of CIPA Section 631, titled "Wiretapping."  Nationwide timely removed the action to this Court under the Class Action Fairness Act, 32 U.S.C. § 1332(d).  On September 20, 2022, and prior to Nationwide's deadline to respond to the original Complaint, Plaintiff filed the FAC, this time asserting claims under both CIPA Section 631 and CIPA Section 632.7 (titled, "Cordless or cellular radio telephones; intentional recordation of communications without consent . . .").  (Dkt. No. 9).

Plaintiff and her counsel have filed an identical complaint nine times in the last two months, with only the defendant's name and website address changed.

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

- 9 -

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

(Nationwide Request for Judicial Notice ("RJN") Exhibits ("Ex.") A, B, C, E, F, G, H, I, J, K). In each, Plaintiff alleges identical vague violations of CIPA Section 631: website operators collect visitor communications with their websites, and then later allegedly share those communications with third parties. (*Id.*, Ex. A at 6, B at 14, C at 22, E at 41, F at 49, H at 69, I at 77, J at 85, K at 93). Counsel for Plaintiff have filed nearly identical amended complaints five times in the last month, asserting vague allegations of third party interception and irrational CIPA Section 632.7 claims. (*Id.*, Ex. D at 30, G at 58, L at 102, M at 113, N at 124). These amended complaints also contain the same legal conclusions and simplistic and boilerplate recitations of the elements of CIPA Section 631 and 632.7 claims. (*Id.*, Ex. D at 30, G at 58, L at 102, M at 113, N at 124).[2]

## IV.   LEGAL STANDARD

A motion to dismiss pursuant to Rule 12(b)(6) "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A "threadbare" recitation of the elements of a cause of action does not suffice. *Id*. Neither do conclusory allegations or allegations that "merely track[] the language of the statute[s] [themselves], without providing facts to substantiate the claimed legal conclusions." *Ticketmaster L.L.C. v. Prestige Ent. W., Inc*., 315 F.Supp.3d 1147, 1175 (C.D. Cal. 2018); *see also In re GileadScis. Sec. Litig*., 536 F.3d 1049, 1055 (9th Cir. 2008) (courts should not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences"). To survive dismissal, Plaintiff must plead sufficient factual content that allows the Court to

---

[2] As of the filing of this motion, Nationwide is not aware of any decision on any motion to dismiss in any of these copycat suits.

1   "draw the reasonable inference that the defendant is liable for the misconduct

2   alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

3   **V.    ARGUMENT**

4       **A.    Plaintiff Fails to State a Claim Under Section 631**

5          The California Supreme Court has explained that, while Section 631 is titled

6   "Wiretapping," it actually contains three operative clauses covering "three distinct

7   and mutually independent patterns of conduct": (1) [Cause 1] "intentional

8   wiretapping," (2) [Clause 2, eavesdropping] "willfully attempting to learn the

9   contents or meaning of a communication in transit over a wire," and (3) [Clause 3]

10  "attempting to use or communicate information obtained as a result of engaging in

11  either of the two previous activities." *Mastel v. Miniclip SA*, 549 F. Supp. 3d 1129,

12  1134 (E.D. Cal. 2021) (quoting *Tavernetti v. Super. Ct.*, 22 Cal. 3d 187, 192

13  (1978)). "Section 631(a) further contains a fourth basis for liability, [Clause 4] for

14  anyone "who aids, agrees with, employs, or conspires with any person or persons to

15  unlawfully do, or permit, or cause to be done any of the" other three bases for

16  liability." *Id.* (quoting Cal. Penal Code § 631(a)).

17         The FAC purports to assert a single Section 631 Cause of Action (FAC ¶¶ 26-

18  31), but that Cause of Action blurs the distinction between these separate, operative

19  clauses, indiscriminately combining them into a single, convoluted claim. (*See id.*)

20  In any event, as explained below, Plaintiff has failed to state a claim under any of the

21  four clauses.

22            **1.    Plaintiff Does Not State a "Wiretapping" [Clause 1]**

23                 **Claim Because She Fails to Plead That She**

24                 **Communicated Via a "Telephone or Telegraph Wire,**

25                 **Line, Cable, or Instrument"**

26         Section 631's "wiretapping" provision [Clause 1] imposes liability on any

27  person:

28

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

who, by means of any machine, instrument, or contrivance, or in any other manner, intentionally taps, or makes any unauthorized connection, whether physically, electrically, acoustically, inductively, or otherwise, with any **telegraph or telephone wire, line, cable, or instrument**, including the wire, line, cable, or instrument of any internal telephonic communication system . . ."

Penal Code § 631(a) (underscored added); *see In re Google Ass't Privacy Litig.*, 457 F. Supp. 3d 797, 825-26 (N.D. Cal. 2020) (dismissing Section 631 wiretapping claim for failure to allege how software at issue was "using telegraph or telephone wires").

To the extent Plaintiff interacted with Nationwide at all, it was allegedly *via the Internet*, with Nationwide's website, and not via any "telegraph or telephone." (FAC ¶ 16 (". . . Plaintiff visited [Nationwide's] Website" ); ¶ ("Like anyone who accesses the Internet . . .").

Her allegation that she (and class members) purportedly "use smart phones" (FAC ¶ 16) does not suffice.  Plaintiff herself describes smart phones as "cellular telephones with integrated computers and operating systems that enable[] web browsing." (*Id.*).  Because a smart phone's web browsing functionality is separate and apart from its telephone functionality, courts have refused to extend Section 631's "telegraph or telephone" requirement to Internet communications merely because the plaintiff's web browser *happens* to be on a "smart phone."  *See Mastel v. MiniClip SA,* 549 F.Supp.3d 1129, 1135-36 (E.D.Cal. 2021)(dismissing Section 631 wiretapping claim:  "Although iPhones contain the word 'phone' in their name," Plaintiff was using "a feature of the portion of the iPhone that functions as a computer, not the phone.").  The intentional wiretapping (Clause 1) claim fails because Plaintiff fails to allege that she communicated with Nationwide using the telephone functionality of her "smart phone."

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

### 2.      Plaintiff's Section 631 Eavesdropping Claim [Clause 2] Fails As Well.

Section 631's "eavesdropping" provision [Clause 2] imposes liability on persons who:

> willfully and without the consent of all parties to the communication, or in any unauthorized manner, reads, or attempts to read, or to learn the contents or meaning of any message, report, or communication while the same is in transit or passing over any wire, line, or cable, or is being sent from, or received at any place within this state.

Penal Code § 631(a) (emphasis added).

### a.  Nationwide Cannot "Eavesdrop" On Its <u>Own</u> Website

As a preliminary matter, Section 631 only prohibits *third parties* from intruding upon a conversation – it does not prohibit website operators from monitoring their own website communications.

It cannot be "a secret to one party to a conversation that the other party is listening to the conversation; *only a third party can listen secretly to a private conversation*." *Rogers v. Ulrich*, 52 Cal. App. 3d 894, 899 (1975) (emphasis added) ("'Eavesdropping' is the problem the Legislature meant to deal with; 'eavesdrop' is defined in Webster's 7th New Collegiate Dictionary (1972) as 'to listen secretly to what is said in private.'"). Section 631 creates no liability for someone who is a party to the communication alleged. *Warden v. Kahn*, 99 Cal. App. 3d 805, 811 (1979) ("[S]ection 631 ... has been held to apply only to eavesdropping by a third party and not to recording by a participant to a conversation.").

For decades courts have applied the so-called "party exemption" to Section 631 in the context of conventional telephonic communications, since CIPA was drafted with those types of communications in mind. *See, e.g. Rogers*, 52 Cal. App. 3d at 899 (defendant could not be liable under Section 631 for the non-consensual tape recording and dissemination of his own telephone conversations because

- 13 -

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

"participant recording was not meant to be included" in Section 631); *Membrila v. Receivables Performance Management, LLC*, 2010 WL 1407274, at *2 (S.D. Cal. Apr. 6, 2010) (defendant debt collector could not be liable under Section 631 for recording and monitoring various telephone conversations it had with the plaintiff because it was a party to those conversations).

In recent years, courts have also applied the "party exemption" in a technical context similar to the "chat communications" at issue here. *See In re Facebook, Inc. Internet Tracking Litig.*, 956 F.3d 589, 607–08 (9th Cir. 2020) (instructing courts to examine the "technical context" presented by the communications at issue to determine the "parties" to those communications.). In *Graham v. Noom, Inc.*, 533 F. Supp. 3d 823, 831 (N.D. Cal. 2021), the plaintiff visited Noom's website to search for information concerning diets. Noom used a third-party vendor's program "to capture and analyze data so that [the vendor] can see how visitors are using their websites." *Id.* at 828. The plaintiffs in *Graham* alleged that the vendor wiretapped their communications in violation of CIPA Section 631 and that Noom violated plaintiff's constitutional right of privacy. *Id.* The court dismissed both claims on the grounds that Noom could not wiretap its own user's website communications because Noom was a party to those communications. *Id.* at 832.

Similarly, in *Saleh v. Nike, Inc.*, 562 F. Supp. 3d 503 (C.D. Cal. 2021), the Court found that Nike was a party to the communication and therefore not liable for a violation of Section 631 when it allegedly used "session reply" technology that recorded the plaintiff's electronic communications with Nike's website, including mouse clicks, keystrokes, data entry, and other information. *Id.* at 509, 519.[3]

---

[3] Courts have also rejected this theory of liability under the Federal Wiretap Act. *See Cohen v. Casper Sleep, Inc.*, 2018 WL 3392877, at *5 (S.D.N.Y. July 12, 2018) (dismissing with prejudice federal wiretap claims where the website owner was a party to the communication); *Allen v. Quicken Loans, Inc.*, 2018 WL 5874088 (D. N.J. 2018) (finding defendant did not violate Wiretap Act where plaintiff accessed

*{footnote continued}*

- 14 -

So too here. Plaintiff alleges in her own complaint that Nationwide was a party to the allegedly wiretapped communication: "[Nationwide] intentionally caused the internet communication *between Plaintiff and Class Members with [Nationwide's] website* to be recorded."  FAC ¶ 29 (emphasis added).  Any communications with Nationwide's website are communications with Nationwide itself.  Plaintiff's illogical theory, if accepted, would effectively eliminate the party exemption under CIPA for any website operator that monitors usage of its own site.

### b.  Plaintiff Has Not Alleged an Actual Interception by Any Third Party.

Even if Plaintiff had identified a specific communication with Nationwide, she also fails to allege that any such communication was *actually* intercepted.  She alleges only that Nationwide "paid substantial sums to a third-party company (named 'Akamai' and 'Kustomer')" to "embed code into [Nationwide's] websites" that "<u>enables</u>" Akamai to "secretly intercept in real time . . . [Nationwide's] chat communications . . ." (FAC ¶ 11 (underscore added.)  Regardless of what alleged "payments" may have been made to Akamai, nowhere does Plaintiff allege that Akamai – or any other third party – *actually* intercepted any of her communications, text or otherwise.

This evasive and deficient allegation permeates the FAC.  As yet another example, Plaintiff alleges that Nationwide "did not inform [her]" that Nationwide was allegedly "paying third parties to eavesdrop" on her.  (FAC ¶ 17; *see also id.* ¶ 29 ("Defendant even paid third parties to eavesdrop . . . ".)  Once again, and regardless of what alleged "payments" were made to Akamai, there is no allegation that Akamai *actually* intercepted any communication by Plaintiff, much less that Akamai did so in real time.  *See Nike,* 562 F. Supp. 3d at 520.

_____

defendant's website and later shared plaintiff's information with third-party software tracking provider).

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

1

### c.  Plaintiff Has Not Alleged the "Contents" of Any Intercepted Communication.

Similarly, Plaintiff has not alleged the "contents" of any communication, as that term is used in CIPA.  "Contents" in the CIPA context means "information concerning the substance, purport, or meaning of [a] communication."  *In re Zynga Privacy Litig.*, 750 F.3d 1098, 1105 (9th Cir. 2014)(citing federal Wiretap Act); *see Brodsky v. Apple Inc.*, 445 F. Supp. 3d 110, 127 (N.D. Cal. 2020)("contents" of a communication under CIPA are the same as "contents" under the Wiretap Act); *Graham*, 533 F. Supp. 3d at 833 (IP addresses, locations, browser types, and operating systems are not "content" for purposes of CIPA); *Johnson v. Blue Nile, Inc.*, 2021 WL 1312771, at *2 (N.D. Cal. Apr. 8, 2021); *Yoon v. Lululemon USA, Inc.,* 549 F. Supp. 3d 1073, 1083-83 (C.D. Cal. 2021)(listing various "pieces of data" that do not qualify as "message content").

Here, the FAC is devoid of any allegation as to the contents of any purported communication with Nationwide.  She alleges only that she "visited" Nationwide's site (FAC ¶ 16) on some unspecified date, and that "visitors" to that site "often share highly sensitive personal data with [Nationwide]. . . (*Id.* ¶ 14.)  Nowhere does Plaintiff allege that she herself shared personal data, much less identify that data.

### d.  Plaintiff Has Not Adequately Pled a Legally Cognizable Form of Transmission.

Plaintiff has also failed to allege or explain, in any meaningful way, how any purported communication with Nationwide was purportedly intercepted "while the same was in transit or passing over any wire, line, or cable, or is being sent from, or received at any place within this state."  Penal Code § 631(a).

For example, while Plaintiff alleges that she "is a citizen of California" (FAC ¶ 4), she does *not* allege that she "sent" any communication to Nationwide "from within [California]," or that she "received" any communication "from" Nationwide

- 16 -

while in California.  *See In re Google Ass't Privacy Litig.*, 457 F. Supp. 3d at 826 (dismissing Section 631 claim for this very deficiency).

Nor has plaintiff meaningfully alleged how any communication was "in transit."  Consistent with the federal Wiretap Act, the interception of a communication "in transit" means it must be "acquired during transmission" and not after the communication has already been received by the recipient and "is in electronic storage."  *Konop v. Hawaiian Airlines, Inc.*, 302 F.3d 868, 878 (9th Cir. 2002).

Plaintiff's conclusory allegation that some "embedded code" allows an alleged third party to "intercept" a communication "in real time" (FAC ¶ 11) is wholly inadequate and does not provide Nationwide with any meaningful notice or understanding of Plaintiff's eavesdropping theory.  *See In re Vizio, Inc., Consumer Privacy Litig.*, 238 F. Supp. 3d 1204, 1227-28 & n.9 (C.D. Cal. 2017) (holding that a "vague allegation" that interception occurs "in real time" too conclusory to state an eavesdropping claim under either CIPA or the Wiretap Act); *Rosenow v. Facebook, Inc.*, 2020 WL 1984062, at *7 (S.D. Cal. Apr. 27, 2020) ("[Plaintiff's] allegation that Yahoo intercepted [Plaintiff's] communications during transit are conclusory."); *Quigley v. Yelp, Inc.*, 2018 WL 7204066, at *4 (N.D. Cal. Jan. 22, 2018); *Mireskandari v. Mail*, 2013 WL 12129559, at *10 n.44 (C.D. Cal. July 30, 2013).[4]

_____

[4] Because Plaintiff has failed to state a claim under either Clause 1 ("wiretapping") or Clause 2 ("eavesdropping"), she has by definition failed to state a derivative claim under Clause 3, which imposes liability on one who "uses, or attempts to use, in any manner, or for any purpose, or to communicate in any way, any information so obtained."  Penal Code § 631(a); *see In re Google Ass't.*, 457 F. Supp. 3d at 827.

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

- 17 -

### 3. Plaintiff's Derivative Aiding-and-Abetting Theory Is Also Fatally Deficient.

Plaintiff's passing reference to "aiding and abetting" liability (*see* FAC ¶¶ 12, 17) must also be dismissed. *See* Penal Code § 631(a), Clause 4 (imposing liability on any person "who . . . aids" another person's violation of that section. Because Plaintiff has failed to adequately allege any underlying "eavesdropping" by any third party (*see supra* Section V.A.1), Plaintiff has necessarily failed to state a derivative claim against Nationwide for "aiding and abetting" that (unalleged) conduct. *See Noom*, 533 F. Supp. 3d at 833 ("Noom is not liable for aiding and abetting [a third party vendor's] wrongdoing because there is no wrongdoing."); *Johnson*, 2021 WL 1312771, at *2.

### B. Plaintiff Fails to State a Call-Recording Claim Under Section 632.7.

Plaintiff's newly added Section 632.7 claim fails for two separate and independent reasons. First, she has failed to allege the type of telephone ("landline," "cellular" or "cordless") on each end of her purported communication with Nationwide, as CIPA requires. This deficiency is not surprising, given that Plaintiff alleges to have communicated with Nationwide's "website," not with a Nationwide call representative using a telephone.

Second, even if she had properly alleged qualifying telephone technology, as a matter of statutory interpretation the Section 632.7 call-recording provision – historically applied to auditory telephone conversations – has no applicability to the non-auditory, text communications alleged in the FAC. For each of these reasons, the Section 632.7 claim should be dismissed with prejudice.

### 1. Plaintiff Fails to Allege The Type of Telephone Technology on Each End of the Purported Communication With Nationwide.

Section 632.7 states, in pertinent part, as follows:

- 18 -

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

> Every person who, without the consent of all parties to a communication, intercepts or receives and intentionally records or assists in the interception or reception and intentional recordation of, a communication transmitted <u>between</u> two cellular radio phones, a cellular radio telephone and a landline telephone, two cordless telephones, a cordless telephone and a landline telephone, or a cordless telephone and a cellular radio telephone."

Cal. Penal Code § 632.7(a) (underscore added).

The statute's plain language limits its scope to communications "between" these specifically enumerated "telephone" technologies. Thus, to state a claim, a plaintiff must allege a "telephone" on both sides of the communication (either "landline," "cellular" or "cordless"), and at least one of the telephones must be a "cellular telephone" or a "cordless telephone." *Id.* Section 632.7 does not apply if an enumerated telephone technology is used on only *one* side of a communication. *See Hataishi v. First Am. Home Buyers Protection Corp.*, 223 Cal. App. 4th 1454, 1469 (2014) (the type of telephone used on both sides of recorded communications must be established); *Montantes v. Inventure Foods*, No. CV-14-1128-MWF RZX, 2014 WL 3305578 at *6 (C.D. Cal. July 2, 2014) ("the type of telephone used on both sides of recorded communications must be proven"); *Meacham v. El Pollo Loco, Inc*., No. 30201600888774 CU BTCX, 2020 WL 7866013, at *2 (Cal.Super. Sep. 10, 2020)(same).

Here, Plaintiff has not adequately alleged the type of telephone technology on either end of any purported communication between her and Nationwide. As to *her* end, Plaintiff presumably knows what device she used to communicate with Nationwide. Instead of providing this simple and straightforward allegation, Plaintiff offers only the following evasive representation as to the different devices collectively used by "class members":

> "Plaintiff and class members use smart phones (cellular telephones with integrated computers and operating systems that enables web browsing), desktop computers, **and/or** wifi-enabled laptops using a combination of cellular and landline telephony. As such, all . . .

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

conversations with [Nationwide] were transmitted from a 'cellular radio telephone' **and/or** 'landline telephone' as defined by CIPA.

(FAC ¶ 16 (underscore added).)

This generalized allegation does not suffice. This motion is directed at Plaintiff's individual claim, not at any "class" claims. There is no reason Plaintiff cannot set forth a clear and simple allegation as to which of the three types of telephones (landline, cellular, or cordless) she purportedly used to communicate with Nationwide, if in fact such a communication ever occurred.

The FAC is equally evasive and deficient as to the type of telephone used on Nationwide's end of the communication. Plaintiff alleges as follows:

Communication from the chat function on Defendant's website is transmitted via a combination of landline telephony and cellular telephony. As such, Defendant's communications with plaintiff and the class were transmitted from telephony subject to the prohibitions of Section 632.7.

(FAC ¶ 34.) Once again, Plaintiff should allege which of the three types of telephone technologies are at issue. This is not a pleading technicality. It defies credulity to suggest that a "website," or even the server/storage medium housing a website, qualifies as a "landline telephone" or a "cellular telephone" within the meaning of CIPA.[5]

---

[5] Section 632.7 includes very specific definitions of both a "cellular radio telephone" and "cordless telephone." A "cellular radio telephone" is defined as "a wireless telephone authorized by the Federal Communications Commission ["FCC"] to operate in the frequency bandwidth reserved for cellular radio telephones." Penal Code § 632.7(c)(1). A "cordless telephone" is defined as "a two-way, low power communication system consisting of two parts, a "base" unit which connects to the public switched telephone network and a handset or "remote" unit, that are connected by a radio link and authorized by the [FCC] to operate in the frequency bandwidths reserved for cordless telephones." *Id.* § 632.7(c)(2).

### 2. The Sender of a Text-Based Communication, Such as a Chat Message or Email, Has Necessarily Consented to the Intended Recipient's Recordation of that Communication.

Plaintiff's novel and ultimately misguided attempt to apply the call-recording provisions of Section 632.7 – a statute invariably applied only to the non-consensual recording of *auditory* telephone conversations[6] -- to the so-called "recording" of written, *text*-based "chat communications" is inherently flawed.  (*See* FAC ¶ 34-35 ("Defendant recorded telephony communication without . . . consent in violation of Section 632.7").)  In sharp contrast to an auditory telephone conversation, the sender of a text-based communication has by definition already created a written "record" of that communication and has necessarily consented to the intended recipient's receipt and retention of that text message (or for that matter, an email).  Absent some extenuating or unusual circumstance to the contrary, the entire process is consensual and lawful.  Indeed, Plaintiff's nonsensical position is tantamount to a legal requirement that the intended recipient of a text message or email immediately

---

[6] Section 632.7 was enacted in 1992 (Stats. 1992, c. 298 (A.B. 2465) § 6) to address what the Legislature perceived as a "gap in [CIPA] that left cellular and cordless communications unprotected."  *LoanMe*, 11 Cal. 5th at 200.  Although chat/text messages can certainly be sent with a cellular telephone, there is no doubt that the Legislature had *auditory wireless calls* in mind when it enacted Section 632.7.  *See, e.g., LoanMe*, at 199-200 (emphasizing the unique nature of auditory calls, which "are protected by the very fact of a limited audience, and the likelihood that the listener will either overlook or forget what is said, as well as the listener's inability to reformulate a conversation" (quotation omitted); *see also id.* at 191 (Section 632.7 responded "to the problem of protecting the privacy of parties *to calls* involving cellular or cordless telephones."); *Simpson v. Best W. Int'l, Inc.*, 2012 WL 5499928 at *8 (N.D. Cal. 2012) ("Under an ordinary use of the word, each party to a conversation 'receives' communications [for purposes of Section 632.7] *as they hear the words spoken to them* from the other party")(emphasis added).

- 21 -

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

*delete* it, lest the recipient face criminal charges for the "non-consensual recording" of that communication.  CIPA requires nothing of the sort.[7]

The California Supreme Court addressed this very issue in its 2021 *LoanMe* Opinion, which discussed the contours of "consent," in the Section 632.7 context, for communications other than auditory telephone conversations:

> The circumstances involved with certain kinds of communications may lead to a reasonable inference that a party sending a communication has consented to having it recorded by the intended recipient — <u>recordation would be expected with a facsimile or text transmission, for example</u>. (*See* § 632.7, subd. (c)(3) [defining "communication" as including facsimile transmissions].)

*Smith v. LoanMe, Inc.*, 11 Cal. 5th 183, 194, n.4 (2021) (underscore added).

Consistent with the Supreme Court's guidance, Nationwide is not aware of single court that has applied Section 632.7 to the "recording" of chat/text messages (or emails) by the intended recipient of those communications, in the manner Plaintiff proposes here.

## VI.   THE COMPLAINT SHOULD BE DISMISSED WITHOUT LEAVE TO AMEND.

This Court should dismiss Plaintiff's claim without leave to amend because Plaintiff cannot show that she can cure the defects in her pleading. *Ebner v. Fresh, Inc.*, 838 F.3d 958, 963 (9th Cir. 2016).  There is no amendment that can be truthfully made to the Complaint that would allow Plaintiff to assert colorable CIPA Sections 631 and 632.7 claims against Nationwide.

---

[7] It is Nationwide's position that, to the extent Plaintiff was to actually allege any communication with Nationwide that was in any way recorded, that Plaintiff consented to that recording for various additional reason that go outside of the pleadings and cannot be raised on a Rule 12(b)(6) motion.  Nationwide reserves all arguments in this respect.

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

## VII.  CONCLUSION

For the reasons above, this Court should grant this motion and dismiss the case against Nationwide in its entirety, with prejudice.

Dated:  October 14, 2022

Respectfully submitted,

DENTONS US LLP

By: */s/  Joel D. Siegel*
    Joel D. Siegel

Attorneys for Defendant
NATIONWIDE MUTUAL INSURANCE CO.

122254486

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300