# Exhibit A

Electronically FILED by Superior Court of California, County of Los Angeles on 07/20/2022 04:43 PM Sherri R. Carter, Executive Officer/Clerk of Court, by G. Carini,Deputy Clerk

1  PACIFIC TRIAL ATTORNEYS
   A Professional Corporation
2  Scott J. Ferrell, Bar No. 202091
   sferrell@pacifictrialattorneys.com
3  David W. Reid, Bar No. 267382
   dreid@pacifictrialattorneys.com
4  Victoria C. Knowles, Bar No. 277231
   vknowles@pacifictrialattorneys.com
5  4100 Newport Place Drive, Ste. 800
   Newport Beach, CA  92660
6  Tel: (949) 706-6464
   Fax: (949) 706-6469
7
8  Attorneys for Plaintiff and Proposed Class

9

10              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

11                  **FOR THE COUNTY OF LOS ANGELES**

12

13  SONYA VALENZUELA, individually and on        Case No.  22STCV23456
    behalf of all others similarly situated,

14              Plaintiff,

15              v.                                **CLASS ACTION COMPLAINT FOR**
                                                  **VIOLATION OF PENAL CODE § 631**
16  MASSAGE ENVY FRANCHISING LLC, a
    Delaware limited liability company; and DOES 1
17  through 25, inclusive,

18              Defendants.

19

20

21

22

23

24

25

26

27

28

## INTRODUCTION

1.      Plaintiff Sonya Valenzuela ("Plaintiff") brings this class action on her own behalf and on behalf of all other Californians similarly situated against Defendant for its illegal wiretapping of their electronic communications with Defendant's website, https://www.massageenvy.com/ (the "Website").

2.      Unbeknownst to visitors to the Website, Defendant has secretly deployed "keystroke monitoring" software that Defendant uses to surreptitiously intercept, monitor, and record the communications (including keystrokes and mouse clicks) of all visitors to its Website.  Defendant neither informs visitors nor seeks their express or implied consent prior to this wiretapping.

3.      Defendant has violated and continues to violate the California Invasion of Privacy Act ("CIPA"), California Penal Code § 631, entitling Plaintiff and Class Members to relief pursuant thereto.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over all causes of action asserted herein.

5.      Venue is proper in this Court because Defendant knowingly engages in activities directed at consumers in this County and engaged in the wrongful conduct alleged herein against residents of this County.

6.      Any out-of-state participants can be brought before this Court pursuant to California's "long-arm" jurisdictional statute.

## PARTIES

7.      Plaintiff Sonya Valenzuela is an adult resident of California.

8.      Defendant is a limited liability company with its principal place of business in Arizona. Defendant does business and affects commerce within the state of California and with California residents.

9.      The above-named Defendants, and their subsidiaries and agents, are collectively referred to as "Defendants."  The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally

responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

10.     Plaintiff is informed and believes that at all relevant times, every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants.

11.     Plaintiff is informed and believe that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

## FACTUAL ALLEGATIONS

12.     Without warning visitors or seeking their consent, Defendant has secretly deployed wiretapping software on its Website.  This software allows Defendant to surreptitiously record every aspect of a visitor's interaction with the Website, including keystrokes, mouse clicks, data entry and other electronic communications.

13.     Defendant's actions amount to the digital equivalent of both looking over a consumer's shoulder and eavesdropping on a consumer's conversation.  Defendant's conduct is not only illegal, it is offensive: indeed, a recent study conducted by the Electronic Privacy Information Center, a respected thought leader regarding digital privacy, found that: (1) nearly 9 in 10 adults are "very concerned" about data privacy, and 75% of adults are unaware of the extent to which companies gather, store, and exploit their personal data.  *See* https://archive.epic.org/privacy/survey/ (last downloaded July 2022).

14.     Within the past year, Plaintiff visited Defendant's Website.  Plaintiff communicated with a "person" that Plaintiff believed to be an actual human customer service representative.  In reality, Defendant's Website utilizes a sophisticated "chatbot" that convincingly impersonates an actual human that encourages consumers to share their personal information.  At the same time, the Defendant simultaneously records and stores the entire conversation using secretly embedded wiretapping technology.

15.     Both the "chatbot" and "replay" technology were created by third party providers who license the technology to Defendant and with whom Defendant routinely shares the contents of the wiretapped communications.

16.     Defendant did not inform Plaintiff, or any of the Class Members, that Defendant was secretly monitoring, recording, and sharing Plaintiff's and the Class's communications.

17.     Defendant did not seek Plaintiff's or the Class Members' consent to monitoring, recording, and sharing the electronic communications with the Website.

18.     Plaintiff and Class Members did not know at the time of the communications that Defendant was secretly intercepting, monitoring, recording, and sharing the electronic communications.

## **CLASS ALLEGATIONS**

19.     Plaintiff brings this action individually and on behalf of all others similarly situated (the "Class") defined as follows:

**All persons within California, who (1) within one year of the filing of this Complaint visited Defendant's website, and (2) whose electronic communications were caused to be intercepted, recorded, and/or monitored by Defendant without prior consent.**

20.     NUMEROSITY: Plaintiff does not know the number of Class Members but believes the number to be in the tens of thousands, if not more. The exact identities of Class Members may be ascertained by the records maintained by Defendant.

21.     COMMONALITY: Common questions of fact and law exist as to all Class Members, and predominate over any questions affecting only individual members of the Class.  Such common legal and factual questions, which do not vary between Class members, and which may be determined without reference to the individual circumstances of any Class Member, include but are not limited to the following:

a.     Whether Defendant caused Plaintiff's and the Class's electronic communications with the Website to be recorded, intercepted and/or monitored;

b.     Whether Defendant violated CIPA based thereon;

c.  Whether Plaintiff and Class Members are entitled to statutory damages pursuant to Cal. Penal Code § 631(a);

d.  Whether Plaintiff and Class Members are entitled to punitive damages pursuant to Cal. Civil Code § 3294; and

e.  Whether Plaintiff and Class Members are entitled to injunctive relief.

22.  <u>TYPICALITY</u>: As a person who visited Defendant's Website and had her electronic communications recorded, intercepted and monitored, Plaintiff is asserting claims that are typical to the Class.

23.  <u>ADEQUACY</u>: Plaintiff will fairly and adequately protect the interests of the members of The Class. Plaintiff has retained attorneys experienced in the class action litigation.  All individuals with interests that are actually or potentially adverse to or in conflict with the class or whose inclusion would otherwise be improper are excluded.

24.  <u>SUPERIORITY</u>: A class action is superior to other available methods of adjudication because individual litigation of the claims of all Class Members is impracticable and inefficient.  Even if every Class Member could afford individual litigation, the court system could not.  It would be unduly burdensome to the courts in which individual litigation of numerous cases would proceed.

# **CAUSE OF ACTION**

### **Violations of the California Invasion of Privacy Act**

### **Cal. Penal Code § 631**

25.  Section 631(a) of California's Penal Code prohibits and imposes liability upon any entity that "by means of any machine, instrument, contrivance, or in any other manner," (1) "intentionally taps, or makes any unauthorized connection, whether physically, electrically, acoustically, inductively, or otherwise, with any telegraph or telephone wire, line, cable, or instrument, including the wire, line, cable, or instrument of any internal telephonic communication system," or (2) "willfully and without the consent of all parties to the communication, or in any unauthorized manner, reads, or attempts to read, or to learn the contents or meaning of any message, report, or communication while the same is in transit or passing over any wire, line, or cable, or is being sent from, or received at any place within this state" or (3) "uses, or attempts to use, in any manner, or for

any purpose, or to communicate in any way, any information so obtained, or who aids, agrees with, employs, or conspires with any person or persons to unlawfully do, or permit, or cause to be done any of the acts or things mentioned above in this section".

26.     Section 631 of the California Penal Code applies to internet communications and thus applies to Plaintiff's and the Class's electronic communications with Defendant's Website. ("Though written in terms of wiretapping, Section 631(a) applies to Internet communications. It makes liable anyone who 'reads, or attempts to read, or to learn the contents' of a communication 'without the consent of all parties to the communication.' Cal. Penal Code § 631(a)." *Javier v. Assurance IQ, LLC*, 21-16351, 2022 WL 1744107, at *1 (9th Cir. May 31, 2022).

27.     The software employed by Defendant on its Website to record Plaintiff's and the Class's electronic communications qualifies as a "machine, instrument, contrivance, or … other manner" used to engage in the prohibited conduct alleged herein.

28.     At all relevant times, Defendant intentionally caused the internet communication between Plaintiff and Class Members with Defendant's website to be tapped and recorded.

29.     At all relevant times, Defendant willfully, and without the consent of all parties to the communication, caused to be intercepted, read or attempted to be read, logged, and stored, the contents of electronic communications of Plaintiff and Class Members with its Website, while the electronic communications were in transit over any wire, line or cable, or were being sent from or received at any place within California.

30.     Plaintiff and Class Members did not consent to any of Defendant's actions in implementing wiretaps on its Website, nor did Plaintiff or Class Members consent to Defendant's intentional access, interception, recording, monitoring, reading, learning and collection of Plaintiff and Class Members' electronic communications with the Website.

31.     Defendant's conduct constitutes numerous independent and discreet violations of Cal. Penal Code § 631(a), entitling Plaintiff and Class Members to injunctive relief and statutory damages of at least $2,500.00 per violation.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief against Defendant:

1.      An order certifying the Class, naming Plaintiff as the representative of the Class and Plaintiff's attorneys as Class counsel;

2.      An order declaring Defendant's conduct violates CIPA;

3.      An order of judgment in favor of Plaintiff and the Class and against Defendant on the cause of action asserted herein;

4.      An order enjoining Defendant's conduct as alleged herein and any other injunctive relief that the Court finds proper;

5.      Statutory damages to Plaintiff and the Class pursuant to Cal. Penal Code § 631(a);

6.      Punitive damages to Plaintiff and the Class pursuant to Cal. Civil Code § 3294;

7.      Prejudgment interest;

8.      Reasonable attorneys' fees and costs incurred in this action pursuant to Cal. Code Civ. Proc. § 1021.5; and

9.      All other relief that would be just and proper as a matter of law or equity, as determined by the Court.

Dated:  July 20, 2022                  PACIFIC TRIAL ATTORNEYS, APC

By:_____
Scott. J. Ferrell
Attorneys for Plaintiff

# Exhibit B

Assigned for all purposes to: Spring Street Courthouse, Judicial Officer: Lawrence Riff

Electronically FILED by Superior Court of California, County of Los Angeles on 07/22/2022 03:54 PM Sherri R. Carter, Executive Officer/Clerk of Court, by G. Carini,Deputy Clerk

1  PACIFIC TRIAL ATTORNEYS
   A Professional Corporation
2  Scott J. Ferrell, Bar No. 202091
   sferrell@pacifictrialattorneys.com
3  David W. Reid, Bar No. 267382
   dreid@pacifictrialattorneys.com
4  Victoria C. Knowles, Bar No. 277231
   vknowles@pacifictrialattorneys.com
5  4100 Newport Place Drive, Ste. 800
   Newport Beach, CA  92660
6  Tel: (949) 706-6464
   Fax: (949) 706-6469
7
   Attorneys for Plaintiff and Proposed Class
8

9

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

10

## FOR THE COUNTY OF LOS ANGELES

11

12

13  SONYA VALENZUELA, individually and on behalf of all others similarly situated,

    Case No. 22STCV23742

14          Plaintiff,

15          v.

    **CLASS ACTION COMPLAINT FOR VIOLATION OF PENAL CODE § 631**

16  AFLAC INCORPORATED,  a Georgia corporation; and DOES 1 through 25, inclusive,

17          Defendants.

18

19

20

21

22

23

24

25

26

27

28

## INTRODUCTION

1.      Plaintiff Sonya Valenzuela ("Plaintiff") brings this class action on her own behalf and on behalf of all other Californians similarly situated against Defendant for its illegal wiretapping of their electronic communications with Defendant's website, https://www.aflac.com (the "Website").

2.      Unbeknownst to visitors to the Website, Defendant has secretly deployed "keystroke monitoring" software that Defendant uses to surreptitiously intercept, monitor, and record the communications (including keystrokes and mouse clicks) of all visitors to its Website.  Defendant neither informs visitors nor seeks their express or implied consent prior to this wiretapping.

3.      Defendant has violated and continues to violate the California Invasion of Privacy Act ("CIPA"), California Penal Code § 631, entitling Plaintiff and Class Members to relief pursuant thereto.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over all causes of action asserted herein.

5.      Venue is proper in this Court because Defendant knowingly engages in activities directed at consumers in this County and engaged in the wrongful conduct alleged herein against residents of this County.

6.      Any out-of-state participants can be brought before this Court pursuant to California's "long-arm" jurisdictional statute.

## PARTIES

7.      Plaintiff Sonya Valenzuela is an adult resident of California.

8.      Defendant is a Georgia corporation.  Defendant does business and affects commerce within the state of California and with California residents.

9.      The above-named Defendants, and their subsidiaries and agents, are collectively referred to as "Defendants."  The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 25, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend the

Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

10.     Plaintiff is informed and believes that at all relevant times, every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants.

11.     Plaintiff is informed and believe that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

## FACTUAL ALLEGATIONS

12.     Without warning visitors or seeking their consent, Defendant has secretly deployed wiretapping software on its Website.  This software allows Defendant to surreptitiously record every aspect of a visitor's interaction with the Website, including keystrokes, mouse clicks, data entry and other electronic communications.

13.     Defendant's actions amount to the digital equivalent of both looking over a consumer's shoulder and eavesdropping on a consumer's conversation.  Defendant's conduct is not only illegal, it is offensive: indeed, a recent study conducted by the Electronic Privacy Information Center, a respected thought leader regarding digital privacy, found that: (1) nearly 9 in 10 adults are "very concerned" about data privacy; and (2) 75% of adults are unaware of the true extent to which companies gather, store, and exploit their personal data.  *See* https://archive.epic.org/privacy/survey/ (last downloaded July 2022).

14.     Within the past year, Plaintiff visited Defendant's Website.  Plaintiff communicated with a "person" that Plaintiff believed to be an actual human customer service representative.  In reality, Defendant's Website utilizes a sophisticated "chatbot" that convincingly impersonates an actual human that encourages consumers to share their personal information.  At the same time, the Defendant simultaneously records and stores the entire conversation using secretly embedded wiretapping technology.

15.     Both the "chatbot" and "replay" technology were created by third party providers who license the technology to Defendant and with whom Defendant routinely shares the contents of the wiretapped communications.

16.     Defendant did not inform Plaintiff, or any of the Class Members, that Defendant was secretly monitoring, recording, and sharing Plaintiff's and the Class's communications.

17.     Defendant did not seek Plaintiff's or the Class Members' consent to monitoring, recording, and sharing the electronic communications with the Website.

18.     Plaintiff and Class Members did not know at the time of the communications that Defendant was secretly intercepting, monitoring, recording, and sharing the electronic communications.

## **CLASS ALLEGATIONS**

19.     Plaintiff brings this action individually and on behalf of all others similarly situated (the "Class") defined as follows:

**All persons within California, who (1) within one year of the filing of this Complaint visited Defendant's website, and (2) whose electronic communications were caused to be intercepted, recorded, and/or monitored by Defendant without prior consent.**

20.     <u>NUMEROSITY</u>: Plaintiff does not know the number of Class Members but believes the number to be in the tens of thousands, if not more. The exact identities of Class Members may be ascertained by the records maintained by Defendant.

21.     <u>COMMONALITY</u>: Common questions of fact and law exist as to all Class Members, and predominate over any questions affecting only individual members of the Class.  Such common legal and factual questions, which do not vary between Class members, and which may be determined without reference to the individual circumstances of any Class Member, include but are not limited to the following:

a.   Whether Defendant caused Plaintiff's and the Class's electronic communications with the Website to be recorded, intercepted and/or monitored;

b.   Whether Defendant violated CIPA based thereon;

- 4 -

c.  Whether Plaintiff and Class Members are entitled to statutory damages pursuant to Cal. Penal Code § 631(a);

d.  Whether Plaintiff and Class Members are entitled to punitive damages pursuant to Cal. Civil Code § 3294; and

e.  Whether Plaintiff and Class Members are entitled to injunctive relief.

22.  <u>TYPICALITY</u>: As a person who visited Defendant's Website and had her electronic communications recorded, intercepted and monitored, Plaintiff is asserting claims that are typical to the Class.

23.  <u>ADEQUACY</u>: Plaintiff will fairly and adequately protect the interests of the members of The Class. Plaintiff has retained attorneys experienced in the class action litigation.  All individuals with interests that are actually or potentially adverse to or in conflict with the class or whose inclusion would otherwise be improper are excluded.

24.  <u>SUPERIORITY</u>: A class action is superior to other available methods of adjudication because individual litigation of the claims of all Class Members is impracticable and inefficient.  Even if every Class Member could afford individual litigation, the court system could not.  It would be unduly burdensome to the courts in which individual litigation of numerous cases would proceed.

# **CAUSE OF ACTION**

## **Violations of the California Invasion of Privacy Act**

## **Cal. Penal Code § 631**

25.  Section 631(a) of California's Penal Code prohibits and imposes liability upon any entity that "by means of any machine, instrument, contrivance, or in any other manner," (1) "intentionally taps, or makes any unauthorized connection, whether physically, electrically, acoustically, inductively, or otherwise, with any telegraph or telephone wire, line, cable, or instrument, including the wire, line, cable, or instrument of any internal telephonic communication system," or (2) "willfully and without the consent of all parties to the communication, or in any unauthorized manner, reads, or attempts to read, or to learn the contents or meaning of any message, report, or communication while the same is in transit or passing over any wire, line, or cable, or is being sent from, or received at any place within this state" or (3) "uses, or attempts to use, in any manner, or for

any purpose, or to communicate in any way, any information so obtained, or who aids, agrees with, employs, or conspires with any person or persons to unlawfully do, or permit, or cause to be done any of the acts or things mentioned above in this section".

*26.*   Section 631 of the California Penal Code applies to internet communications and thus applies to Plaintiff's and the Class's electronic communications with Defendant's Website.  ("Though written in terms of wiretapping, Section 631(a) applies to Internet communications.   It makes liable anyone who 'reads, or attempts to read, or to learn the contents' of a communication 'without the consent of all parties to the communication.'  Cal. Penal Code § 631(a)."  *Javier v. Assurance IQ, LLC*, 21-16351, 2022 WL 1744107, at \*1 (9th Cir. May 31, 2022).

27.   The software employed by Defendant on its Website to record Plaintiff's and the Class's electronic communications qualifies as a "machine, instrument, contrivance, or … other manner" used to engage in the prohibited conduct alleged herein.

28.   At all relevant times, Defendant intentionally caused the internet communication between Plaintiff and Class Members with Defendant's website to be tapped and recorded.

29.   At all relevant times, Defendant willfully, and without the consent of all parties to the communication, caused to be intercepted, read or attempted to be read, logged, and stored, the contents of electronic communications of Plaintiff and Class Members with its Website, while the electronic communications were in transit over any wire, line or cable, or were being sent from or received at any place within California.

30.   Plaintiff and Class Members did not consent to any of Defendant's actions in implementing wiretaps on its Website, nor did Plaintiff or Class Members consent to Defendant's intentional access, interception, recording, monitoring, reading, learning and collection of Plaintiff and Class Members' electronic communications with the Website.

31.   Defendant's conduct constitutes numerous independent and discreet violations of Cal. Penal Code § 631(a), entitling Plaintiff and Class Members to injunctive relief and statutory damages of at least $2,500.00 per violation.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief against Defendant:

1.     An order certifying the Class, naming Plaintiff as the representative of the Class and Plaintiff's attorneys as Class counsel;

2.     An order declaring Defendant's conduct violates CIPA;

3.     An order of judgment in favor of Plaintiff and the Class and against Defendant on the cause of action asserted herein;

4.     An order enjoining Defendant's conduct as alleged herein and any other injunctive relief that the Court finds proper;

5.     Statutory damages to Plaintiff and the Class pursuant to Cal. Penal Code § 631(a);

6.     Punitive damages to Plaintiff and the Class pursuant to Cal. Civil Code § 3294;

7.     Prejudgment interest;

8.     Reasonable attorneys' fees and costs incurred in this action pursuant to Cal. Code Civ. Proc. § 1021.5; and

9.     All other relief that would be just and proper as a matter of law or equity, as determined by the Court.

Dated:  July 22, 2022                PACIFIC TRIAL ATTORNEYS, APC

By:_____
Scott. J. Ferrell
Attorneys for Plaintiff

# Exhibit C

Electronically FILED by Superior Court of California, County of Los Angeles on 07/22/2022 12:16 AM Sherri R. Carter, Executive Officer/Clerk of Court, by G. Carini,Deputy Clerk

PACIFIC TRIAL ATTORNEYS
A Professional Corporation
Scott J. Ferrell, Bar No. 202091
sferrell@pacifictrialattorneys.com
David W. Reid, Bar No. 267382
dreid@pacifictrialattorneys.com
Victoria C. Knowles, Bar No. 277231
vknowles@pacifictrialattorneys.com
4100 Newport Place Drive, Ste. 800
Newport Beach, CA  92660
Tel: (949) 706-6464
Fax: (949) 706-6469

Attorneys for Plaintiff and Proposed Class

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

# FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| SONYA VALENZUELA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL KORS (USA) INC., a Delaware corporation; and DOES 1 through 25, inclusive,<br><br>Defendants. | Case No. 22STCV23635<br><br>**CLASS ACTION COMPLAINT FOR VIOLATION OF PENAL CODE § 631** |

## INTRODUCTION

1.      Plaintiff Sonya Valenzuela ("Plaintiff") brings this class action on her own behalf and on behalf of all other Californians similarly situated against Defendant for its illegal wiretapping of their electronic communications with Defendant's website, https://www.michaelkors.com (the "Website").

2.      Unbeknownst to visitors to the Website, Defendant has secretly deployed "keystroke monitoring" software that Defendant uses to surreptitiously intercept, monitor, and record the communications (including keystrokes and mouse clicks) of all visitors to its Website.  Defendant neither informs visitors nor seeks their express or implied consent prior to this wiretapping.

3.      Defendant has violated and continues to violate the California Invasion of Privacy Act ("CIPA"), California Penal Code § 631, entitling Plaintiff and Class Members to relief pursuant thereto.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over all causes of action asserted herein.

5.      Venue is proper in this Court because Defendant knowingly engages in activities directed at consumers in this County and engaged in the wrongful conduct alleged herein against residents of this County.

6.      Any out-of-state participants can be brought before this Court pursuant to California's "long-arm" jurisdictional statute.

## PARTIES

7.      Plaintiff Sonya Valenzuela is an adult resident of California.

8.      Defendant is a Delaware corporation.  Defendant does business and affects commerce within the state of California and with California residents.

9.      The above-named Defendants, and their subsidiaries and agents, are collectively referred to as "Defendants."  The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 25, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend the

1  Complaint to reflect the true names and capacities of the DOE Defendants when such identities

2  become known.

3      10.     Plaintiff is informed and believes that at all relevant times, every Defendant was acting

4  as an agent and/or employee of each of the other Defendants and was acting within the course and

5  scope of said agency and/or employment with the full knowledge and consent of each of the other

6  Defendants.

7      11.     Plaintiff is informed and believe that each of the acts and/or omissions complained of

8  herein was made known to, and ratified by, each of the other Defendants.

9  ## FACTUAL ALLEGATIONS

10     12.     Without warning visitors or seeking their consent, Defendant has secretly deployed

11  wiretapping software on its Website.  This software allows Defendant to surreptitiously record every

12  aspect of a visitor's interaction with the Website, including keystrokes, mouse clicks, data entry and

13  other electronic communications.

14     13.     Defendant's actions amount to the digital equivalent of both looking over a consumer's

15  shoulder and eavesdropping on a consumer's conversation.  Defendant's conduct is not only illegal, it

16  is offensive: indeed, a recent study conducted by the Electronic Privacy Information Center, a

17  respected thought leader regarding digital privacy, found that: (1) nearly 9 in 10 adults are "very

18  concerned" about data privacy, and 75% of adults are unaware of the extent to which companies

19  gather, store, and exploit their personal data.   *See* https://archive.epic.org/privacy/survey/ (last

20  downloaded July 2022).

21     14.     Within the past year, Plaintiff visited Defendant's Website.  Plaintiff communicated

22  with a "person" that Plaintiff believed to be an actual human customer service representative.  In

23  reality, Defendant's Website utilizes a sophisticated "chatbot" that convincingly impersonates an

24  actual human that encourages consumers to share their personal information.  At the same time, the

25  Defendant simultaneously records and stores the entire conversation using secretly embedded

26  wiretapping technology.

27

28

15.     Both the "chatbot" and "replay" technology were created by third party providers who license the technology to Defendant and with whom Defendant routinely shares the contents of the wiretapped communications.

16.     Defendant did not inform Plaintiff, or any of the Class Members, that Defendant was secretly monitoring, recording, and sharing Plaintiff's and the Class's communications.

17.     Defendant did not seek Plaintiff's or the Class Members' consent to monitoring, recording, and sharing the electronic communications with the Website.

18.     Plaintiff and Class Members did not know at the time of the communications that Defendant was secretly intercepting, monitoring, recording, and sharing the electronic communications.

## **CLASS ALLEGATIONS**

19.     Plaintiff brings this action individually and on behalf of all others similarly situated (the "Class") defined as follows:

**All persons within California, who (1) within one year of the filing of this Complaint visited Defendant's website, and (2) whose electronic communications were caused to be intercepted, recorded, and/or monitored by Defendant without prior consent.**

20.     <u>NUMEROSITY</u>: Plaintiff does not know the number of Class Members but believes the number to be in the tens of thousands, if not more. The exact identities of Class Members may be ascertained by the records maintained by Defendant.

21.     <u>COMMONALITY</u>: Common questions of fact and law exist as to all Class Members, and predominate over any questions affecting only individual members of the Class.  Such common legal and factual questions, which do not vary between Class members, and which may be determined without reference to the individual circumstances of any Class Member, include but are not limited to the following:

a.   Whether Defendant caused Plaintiff's and the Class's electronic communications with the Website to be recorded, intercepted and/or monitored;

b.   Whether Defendant violated CIPA based thereon;

- 4 -

c.  Whether Plaintiff and Class Members are entitled to statutory damages pursuant to Cal. Penal Code § 631(a);

d.  Whether Plaintiff and Class Members are entitled to punitive damages pursuant to Cal. Civil Code § 3294; and

e.  Whether Plaintiff and Class Members are entitled to injunctive relief.

22.     <u>TYPICALITY</u>: As a person who visited Defendant's Website and had her electronic communications recorded, intercepted and monitored, Plaintiff is asserting claims that are typical to the Class.

23.     <u>ADEQUACY</u>: Plaintiff will fairly and adequately protect the interests of the members of The Class. Plaintiff has retained attorneys experienced in the class action litigation.  All individuals with interests that are actually or potentially adverse to or in conflict with the class or whose inclusion would otherwise be improper are excluded.

24.     <u>SUPERIORITY</u>: A class action is superior to other available methods of adjudication because individual litigation of the claims of all Class Members is impracticable and inefficient.  Even if every Class Member could afford individual litigation, the court system could not.  It would be unduly burdensome to the courts in which individual litigation of numerous cases would proceed.

# **CAUSE OF ACTION**

## **Violations of the California Invasion of Privacy Act**

## **Cal. Penal Code § 631**

25.     Section 631(a) of California's Penal Code prohibits and imposes liability upon any entity that "by means of any machine, instrument, contrivance, or in any other manner," (1) "intentionally taps, or makes any unauthorized connection, whether physically, electrically, acoustically, inductively, or otherwise, with any telegraph or telephone wire, line, cable, or instrument, including the wire, line, cable, or instrument of any internal telephonic communication system," or (2) "willfully and without the consent of all parties to the communication, or in any unauthorized manner, reads, or attempts to read, or to learn the contents or meaning of any message, report, or communication while the same is in transit or passing over any wire, line, or cable, or is being sent from, or received at any place within this state" or (3) "uses, or attempts to use, in any manner, or for

any purpose, or to communicate in any way, any information so obtained, or who aids, agrees with, employs, or conspires with any person or persons to unlawfully do, or permit, or cause to be done any of the acts or things mentioned above in this section".

*26.* Section 631 of the California Penal Code applies to internet communications and thus applies to Plaintiff's and the Class's electronic communications with Defendant's Website. ("Though written in terms of wiretapping, Section 631(a) applies to Internet communications. It makes liable anyone who 'reads, or attempts to read, or to learn the contents' of a communication 'without the consent of all parties to the communication.' Cal. Penal Code § 631(a)." *Javier v. Assurance IQ, LLC*, 21-16351, 2022 WL 1744107, at *1 (9th Cir. May 31, 2022).

27. The software employed by Defendant on its Website to record Plaintiff's and the Class's electronic communications qualifies as a "machine, instrument, contrivance, or … other manner" used to engage in the prohibited conduct alleged herein.

28. At all relevant times, Defendant intentionally caused the internet communication between Plaintiff and Class Members with Defendant's website to be tapped and recorded.

29. At all relevant times, Defendant willfully, and without the consent of all parties to the communication, caused to be intercepted, read or attempted to be read, logged, and stored, the contents of electronic communications of Plaintiff and Class Members with its Website, while the electronic communications were in transit over any wire, line or cable, or were being sent from or received at any place within California.

30. Plaintiff and Class Members did not consent to any of Defendant's actions in implementing wiretaps on its Website, nor did Plaintiff or Class Members consent to Defendant's intentional access, interception, recording, monitoring, reading, learning and collection of Plaintiff and Class Members' electronic communications with the Website.

31. Defendant's conduct constitutes numerous independent and discreet violations of Cal. Penal Code § 631(a), entitling Plaintiff and Class Members to injunctive relief and statutory damages of at least $2,500.00 per violation.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief against Defendant:

1.     An order certifying the Class, naming Plaintiff as the representative of the Class and Plaintiff's attorneys as Class counsel;

2.     An order declaring Defendant's conduct violates CIPA;

3.     An order of judgment in favor of Plaintiff and the Class and against Defendant on the cause of action asserted herein;

4.     An order enjoining Defendant's conduct as alleged herein and any other injunctive relief that the Court finds proper;

5.     Statutory damages to Plaintiff and the Class pursuant to Cal. Penal Code § 631(a);

6.     Punitive damages to Plaintiff and the Class pursuant to Cal. Civil Code § 3294;

7.     Prejudgment interest;

8.     Reasonable attorneys' fees and costs incurred in this action pursuant to Cal. Code Civ. Proc. § 1021.5; and

9.     All other relief that would be just and proper as a matter of law or equity, as determined by the Court.

Dated:  July 22, 2022                                   PACIFIC TRIAL ATTORNEYS, APC

By:_____
Scott. J. Ferrell
Attorneys for Plaintiff

# Exhibit D

PACIFIC TRIAL ATTORNEYS
A Professional Corporation
Scott J. Ferrell, Bar No. 202091
sferrell@pacifictrialattorneys.com
4100 Newport Place Drive, Ste. 800
Newport Beach, CA  92660
Tel: (949) 706-6464
Fax: (949) 706-6469

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

SONYA VALENZUELA, individually and on behalf of all others similarly situated,

        Plaintiff,

v.

MICHAEL KORS (USA) INC., a Delaware corporation; and DOES 1 through 25, inclusive,

        Defendants.

Case No.  2:22-cv-05902-SPG-AFM

**FIRST AMENDED CLASS ACTION COMPLAINT**

## INTRODUCTION

Defendant (1) secretly wiretaps the private conversations of everyone who communicates through the chat feature at www.michaelkors.com (the "Website"); and (2) pays third parties to eavesdrop on such communications in real time in order to harvest data from those conversations for financial gain.

Defendant does not obtain visitors' consent to either the wiretapping or the eavesdropping.  As a result, Defendant has violated the California Invasion of Privacy Act ("CIPA") in numerous ways.

## JURISDICTION AND VENUE

1.      This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. Section 1332 of the Class Action Fairness Act of 2005 because: (i) there are 100 or more class members, (ii) there is an aggregate amount in controversy exceeding $5,000,000, exclusive of interest and costs, and (iii) there is at least minimal diversity because at least one Plaintiff and Defendant are citizens of different states.

2.      Pursuant to 28 U.S.C. Section 1391, venue is proper because a substantial part of the acts and events giving rise to the claims occurred in this District.

3.      Defendant is subject to personal jurisdiction because it has sufficient minimum contacts with California and it does business with California residents.

## PARTIES

4.      Plaintiff is a citizen of California residing within the Central District of California.

5.      Defendant is a Delaware corporation that owns, operates, and/or controls the above-referenced website.

6.      The above-named Defendant, along with its affiliates and agents, are collectively referred to as "Defendants."  The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 25, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts

alleged herein. Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

7.     Plaintiff is informed and believes that at all relevant times, every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants, and that each of the acts and/or omissions complained of herein was ratified by each of the other Defendants.

## FACTUAL ALLEGATIONS

8.     The California Invasion of Privacy Act ("CIPA") prohibits both wiretapping and eavesdropping of electronic communications without the consent of all parties to the communication.  Compliance with CIPA is easy, and the vast majority of website operators comply by conspicuously warning visitors if their conversations are being recorded or if third parties are eavesdropping on them.

9.     Unlike most companies, Defendant *ignores* CIPA.  Instead, Defendant both *wiretaps* the conversations of all website visitors and pays third parties to *eavesdrop* on the conversations.  Defendant and the third parties then harvest data from the transcripts for financial gain.

10.     Defendant's actions are not incidental to the act of facilitating e-commerce, nor are they undertaken in the ordinary course of business. To the contrary, Defendant's actions are contrary to industry norms and the legitimate expectations of consumers.

11.     To enable the *wiretapping*, Defendant has covertly embedded code into its chat feature that automatically records and creates transcripts of all such private conversations.  To enable the *eavesdropping*, Defendant has paid substantial sums to two independent, third-party companies (named "Go Moxie" and "Support Services Group", or "SSG") to embed code into Defendant's website chat function that enables Go Moxie and SSG to secretly intercept in real time, eavesdrop upon, and store transcripts of Defendant's chat communications with unsuspecting website visitors.

12.     Both Go Moxie and Support Services Group publicly boast of their ability to harvest valuable data from such communications for the benefit of their clients like Defendant, which is one of the reasons that Defendant enabled, aided, abetted, conspired with, and paid them substantial funds for their eavesdropping services.

13.     Defendant neither informs visitors of this conduct nor obtains their consent to these intrusions.

14.     Given the nature of Defendant's business, visitors often share highly sensitive personal data with Defendant via the website chat feature.  Visitors would be shocked and appalled to know that Defendant secretly records those conversations and pays third parties to eavesdrop on them in real time under the guise of "data analytics."

15.     Defendant's conduct is both illegal and offensive: indeed, a recent study conducted by the Electronic Privacy Information Center, a respected thought leader regarding digital privacy, found that: (1) nearly 9 in 10 adults are "very concerned" about data privacy, and (2) 75% of adults are unaware of the extent to which companies gather, store, and exploit their personal data.

16.     Within the statute of limitations period, Plaintiff visited Defendant's Website.  Plaintiff used either a smart phone (a cellular telephone with an integrated computer and an operating system that enables web browsing) or a wifi-enabled laptop that uses a combination of cellular and landline telephony.   As such, Plaintiff's conversations with Defendant were transmitted from a "cellular radio telephone" and/or "landline telephone" as defined by CIPA.

17.     Defendant did not inform Plaintiff, or any of the Class Members, that Defendant was secretly recording their communications or aiding, abetting, and paying third parties to eavesdrop on them.

18.     Defendant did not obtain Class Members' express or implied consent to wiretap or allow third parties to eavesdrop on visitor conversations, nor did Class Members know at the time of the conversations that Defendant was secretly wiretapping them and allowing third parties to eavesdrop on them.

## CLASS ALLEGATIONS

19.     Plaintiff brings this action individually and on behalf of all others similarly situated (the "Class") defined as follows:

> **All persons within California who within the statute of limitations period: (1) communicated with Defendant via the chat feature on Defendant's Website using cellular or landline telephony, and (2) whose communications were recorded and/or eavesdropped upon without prior consent.**

20.     <u>NUMEROSITY</u>: Plaintiff does not know the number of Class Members but believes the number to be in the thousands, if not more. The exact identities of Class Members may be ascertained by the records maintained by Defendant.

21.     <u>COMMONALITY</u>: Common questions of fact and law exist as to all Class Members, and predominate over any questions affecting only individual members of the Class.  Such common legal and factual questions, which do not vary between Class members, and which may be determined without reference to the individual circumstances of any Class Member, include but are not limited to the following:

a.     Whether Defendant caused electronic communications from class members with the Website to be recorded, intercepted, and/or monitored;

b.     Whether Defendant aided and abetted a third party in eavesdropping on such communications;

c.     Whether Plaintiff and Class Members are entitled to statutory penalties; and

d.     Whether Class Members are entitled to injunctive relief.

22.     <u>TYPICALITY</u>: As a person who visited Defendant's Website and whose electronic communication was recorded, intercepted and eavesdropped upon, Plaintiff is asserting claims that are typical of the Class.

23.     <u>ADEQUACY</u>: Plaintiff will fairly and adequately protect the interests of the members of The Class. Plaintiff has retained attorneys experienced in the class

action litigation. All individuals with interests that are actually or potentially adverse to or in conflict with the class or whose inclusion would otherwise be improper are excluded.

24. <u>SUPERIORITY</u>: A class action is superior to other available methods of adjudication because individual litigation of the claims of all Class Members is impracticable and inefficient. Even if every Class Member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous cases would proceed.

## FIRST CAUSE OF ACTION

### Violations of the California Invasion of Privacy Act

### Cal. Penal Code § 631

25. Section 631(a) of California's Penal Code imposes liability upon any entity that "by means of any machine, instrument, contrivance, or in any other manner," (1) "intentionally taps, or makes any unauthorized connection, whether physically, electrically, acoustically, inductively, or otherwise, with any telegraph or telephone wire, line, cable, or instrument, including the wire, line, cable, or instrument of any internal telephonic communication system," or (2) "willfully and without the consent of all parties to the communication, or in any unauthorized manner, reads, or attempts to read, or to learn the contents or meaning of any message, report, or communication while the same is in transit or passing over any wire, line, or cable, or is being sent from, or received at any place within this state" or (3) "uses, or attempts to use, in any manner, or for any purpose, or to communicate in any way, any information so obtained, or who aids, agrees with, employs, or conspires with any person or persons to unlawfully do, or permit, or cause to be done any of the acts or things mentioned above in this section". Here, Defendant does all three.

26. Section 631 of the California Penal Code applies to internet communications and thus applies to Plaintiff's and the Class's electronic communications with Defendant's Website. "Though written in terms of wiretapping,

Section 631(a) applies to Internet communications.  It makes liable anyone who 'reads, or attempts to read, or to learn the contents' of a communication 'without the consent of all parties to the communication.'  Cal. Penal Code § 631(a)."  *Javier v. Assurance IQ, LLC*, No. 21-16351, 2022 WL 1744107, at *1 (9th Cir. May 31, 2022).

27.    The software embedded on Defendant's Website to record and eavesdrop upon the Class's communications qualifies as a "machine, instrument, contrivance, or … other manner" used to engage in the prohibited conduct alleged herein.

28.    At all relevant times, Defendant intentionally caused the internet communication between Plaintiff and Class Members with Defendant's Website to be recorded.  Defendant also aided, abetted, and even paid third parties to eavesdrop upon such conversations.

29.    Plaintiff and Class Members did not expressly or impliedly consent to any of Defendant's actions.

30.    Defendant's conduct constitutes numerous independent and discreet violations of Cal. Penal Code § 631(a), entitling Plaintiff and Class Members to injunctive relief and statutory damages.

## SECOND CAUSE OF ACTION

### Violations of the California Invasion of Privacy Act

### Cal. Penal Code § 632.7

31.    Section 632.7 of California's Penal Code imposes liability upon anyone "who, without the consent of all parties to a communication, intercepts or receives and intentionally records, or assists in the interception or reception and intentional recordation of, a communication transmitted between two cellular radio telephones, a cellular radio telephone and a landline telephone, two cordless telephones, a cordless telephone and a landline telephone, or a cordless telephone and a cellular radio telephone."

32.    Plaintiff and the class members communicated with Defendant using smartphones (sophisticated cellular radio telephones) and/or devices enabled by cellular

- 7 -

or landline telephony.  As such, Plaintiff's communication was transmitted from a "cellular radio telephone" and/or "landline telephone" as defined by Section 632.7.

33.    Communication from the chat function on Defendant's website is transmitted via a combination of landline telephony and cellular telephony.  As such, Defendant's communications with plaintiff and the class were transmitted from telephony subject to the prohibitions of Section 632.7.

34.    As set forth above, Defendant recorded telephony communication without the consent of all parties to the communication in violation of Section 632.7.

35.    As set forth above, Defendant also assisted third parties in the interception, reception, and/or intentional recordation of telephony communication in violation of Section 632.7.

36.    Defendant's conduct constitutes numerous independent and discreet violations of Cal. Penal Code § 632.7, entitling Plaintiff and Class Members to injunctive relief and statutory damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief against Defendant:

1.    An order certifying the Class, naming Plaintiff as the representative of the Class and Plaintiff's attorneys as Class counsel;

2.    An order declaring Defendant's conduct violates CIPA;

3.    An order of judgment in favor of Plaintiff and the Class and against Defendant on the causes of action asserted herein;

4.    An order enjoining Defendant's conduct as alleged herein and any other injunctive relief that the Court finds proper;

5.    Statutory damages pursuant to CIPA;

6.    Punitive damages;

7.    Prejudgment interest;

8.    Reasonable attorneys' fees and costs; and

9.     All other relief that would be just and proper as a matter of law or equity, as determined by the Court.

Dated: September 14, 2022              PACIFIC TRIAL ATTORNEYS, APC

By:

Scott. J. Ferrell
Attorneys for Plaintiff

1

**CERTIFICATE OF SERVICE**

2       I hereby certify that on September 14, 2022, I electronically filed the foregoing

3  **FIRST AMENDED CLASS ACTION COMPLAINT** with the Clerk of the Court

4  using the CM/ECF system which will send notification of such filing via electronic mail

5  to all counsel of record.

6

7                         */s/ Scott J. Ferrell*

                              Scott J. Ferrell

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Exhibit E

Electronically FILED by Superior Court of California, County of Los Angeles on 07/27/2022 11:24 AM Sherri R. Carter, Executive Officer/Clerk of Court, by G. Carini,Deputy Clerk

PACIFIC TRIAL ATTORNEYS
A Professional Corporation
Scott J. Ferrell, Bar No. 202091
sferrell@pacifictrialattorneys.com
David W. Reid, Bar No. 267382
dreid@pacifictrialattorneys.com
Victoria C. Knowles, Bar No. 277231
vknowles@pacifictrialattorneys.com
4100 Newport Place Drive, Ste. 800
Newport Beach, CA  92660
Tel: (949) 706-6464
Fax: (949) 706-6469

Attorneys for Plaintiff and Proposed Class

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| SONYA VALENZUELA, individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>      v.<br><br>UNDER ARMOUR, INC., a Maryland corporation; and DOES 1 through 25, inclusive,<br><br>      Defendants. | Case No. 22STCV24206<br><br>**CLASS ACTION COMPLAINT FOR VIOLATION OF PENAL CODE § 631** |

# INTRODUCTION

1.      Plaintiff Sonya Valenzuela ("Plaintiff") brings this class action on her own behalf and on behalf of all other Californians similarly situated against Defendant for its illegal wiretapping of their electronic communications with Defendant's website, www.underarmour.com (the "Website").

2.      Unbeknownst to visitors to the Website, Defendant has secretly deployed "keystroke monitoring" software that Defendant uses to surreptitiously intercept, monitor, and record the communications (including keystrokes and mouse clicks) of all visitors to its Website.   Defendant neither informs visitors nor seeks their express or implied consent prior to this wiretapping.

3.      Defendant has violated and continues to violate the California Invasion of Privacy Act ("CIPA"), California Penal Code § 631, entitling Plaintiff and Class Members to relief pursuant thereto.

# JURISDICTION AND VENUE

4.      This Court has jurisdiction over all causes of action asserted herein.

5.      Venue is proper in this Court because Defendant knowingly engages in activities directed at consumers in this County and engaged in the wrongful conduct alleged herein against residents of this County.

6.      Any out-of-state participants can be brought before this Court pursuant to California's "long-arm" jurisdictional statute.

# PARTIES

7.      Plaintiff Sonya Valenzuela is an adult resident of California.

8.      Defendant is a Maryland corporation.  Defendant does business and affects commerce within the state of California and with California residents.

9.      The above-named Defendants, and their subsidiaries and agents, are collectively referred to as "Defendants."  The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 25, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend the

Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

10.     Plaintiff is informed and believes that at all relevant times, every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants.

11.     Plaintiff is informed and believe that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

## FACTUAL ALLEGATIONS

12.     Without warning visitors or seeking their consent, Defendant has secretly deployed wiretapping software on its Website.  This software allows Defendant to surreptitiously record every aspect of a visitor's interaction with the Website, including keystrokes, mouse clicks, data entry and other electronic communications.

13.     Defendant's actions amount to the digital equivalent of both looking over a consumer's shoulder and eavesdropping on a consumer's conversation.  Defendant's conduct is not only illegal, it is offensive: indeed, a recent study conducted by the Electronic Privacy Information Center, a respected thought leader regarding digital privacy, found that: (1) nearly 9 in 10 adults are "very concerned" about data privacy; and (2) 75% of adults are unaware of the true extent to which companies gather, store, and exploit their personal data.  *See* https://archive.epic.org/privacy/survey/ (last downloaded July 2022).

14.     Within the past year, Plaintiff visited Defendant's Website.  Plaintiff communicated with a "person" that Plaintiff believed to be an actual human customer service representative.  In reality, Defendant's Website utilizes a sophisticated "chatbot" that convincingly impersonates an actual human that encourages consumers to share their personal information.  At the same time, the Defendant simultaneously records and stores the entire conversation using secretly embedded wiretapping technology.

15.     Both the "chatbot" and "replay" technology were created by third party providers who license the technology to Defendant and with whom Defendant routinely shares the contents of the wiretapped communications.

16.     Defendant did not inform Plaintiff, or any of the Class Members, that Defendant was secretly monitoring, recording, and sharing Plaintiff's and the Class's communications.

17.     Defendant did not seek Plaintiff's or the Class Members' consent to monitoring, recording, and sharing the electronic communications with the Website.

18.     Plaintiff and Class Members did not know at the time of the communications that Defendant was secretly intercepting, monitoring, recording, and sharing the electronic communications.

## **CLASS ALLEGATIONS**

19.     Plaintiff brings this action individually and on behalf of all others similarly situated (the "Class") defined as follows:

**All persons within California, who (1) within one year of the filing of this Complaint visited Defendant's website, and (2) whose electronic communications were caused to be intercepted, recorded, and/or monitored by Defendant without prior consent.**

20.     **NUMEROSITY**: Plaintiff does not know the number of Class Members but believes the number to be in the tens of thousands, if not more. The exact identities of Class Members may be ascertained by the records maintained by Defendant.

21.     **COMMONALITY**: Common questions of fact and law exist as to all Class Members, and predominate over any questions affecting only individual members of the Class.  Such common legal and factual questions, which do not vary between Class members, and which may be determined without reference to the individual circumstances of any Class Member, include but are not limited to the following:

a.   Whether Defendant caused Plaintiff's and the Class's electronic communications with the Website to be recorded, intercepted and/or monitored;

b.   Whether Defendant violated CIPA based thereon;

c. Whether Plaintiff and Class Members are entitled to statutory damages pursuant to Cal. Penal Code § 631(a);

d. Whether Plaintiff and Class Members are entitled to punitive damages pursuant to Cal. Civil Code § 3294; and

e. Whether Plaintiff and Class Members are entitled to injunctive relief.

22. **TYPICALITY:** As a person who visited Defendant's Website and had her electronic communications recorded, intercepted and monitored, Plaintiff is asserting claims that are typical to the Class.

23. **ADEQUACY:** Plaintiff will fairly and adequately protect the interests of the members of The Class. Plaintiff has retained attorneys experienced in the class action litigation. All individuals with interests that are actually or potentially adverse to or in conflict with the class or whose inclusion would otherwise be improper are excluded.

24. **SUPERIORITY:** A class action is superior to other available methods of adjudication because individual litigation of the claims of all Class Members is impracticable and inefficient. Even if every Class Member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous cases would proceed.

# CAUSE OF ACTION

## Violations of the California Invasion of Privacy Act

## Cal. Penal Code § 631

25. Section 631(a) of California's Penal Code prohibits and imposes liability upon any entity that "by means of any machine, instrument, contrivance, or in any other manner," (1) "intentionally taps, or makes any unauthorized connection, whether physically, electrically, acoustically, inductively, or otherwise, with any telegraph or telephone wire, line, cable, or instrument, including the wire, line, cable, or instrument of any internal telephonic communication system," or (2) "willfully and without the consent of all parties to the communication, or in any unauthorized manner, reads, or attempts to read, or to learn the contents or meaning of any message, report, or communication while the same is in transit or passing over any wire, line, or cable, or is being sent from, or received at any place within this state" or (3) "uses, or attempts to use, in any manner, or for

any purpose, or to communicate in any way, any information so obtained, or who aids, agrees with, employs, or conspires with any person or persons to unlawfully do, or permit, or cause to be done any of the acts or things mentioned above in this section".

*26.*   Section 631 of the California Penal Code applies to internet communications and thus applies to Plaintiff's and the Class's electronic communications with Defendant's Website.  ("Though written in terms of wiretapping, Section 631(a) applies to Internet communications.  It makes liable anyone who 'reads, or attempts to read, or to learn the contents' of a communication 'without the consent of all parties to the communication.'  Cal. Penal Code § 631(a)."  *Javier v. Assurance IQ, LLC*, 21-16351, 2022 WL 1744107, at *1 (9th Cir. May 31, 2022).

27.   The software employed by Defendant on its Website to record Plaintiff's and the Class's electronic communications qualifies as a "machine, instrument, contrivance, or … other manner" used to engage in the prohibited conduct alleged herein.

28.   At all relevant times, Defendant intentionally caused the internet communication between Plaintiff and Class Members with Defendant's website to be tapped and recorded.

29.   At all relevant times, Defendant willfully, and without the consent of all parties to the communication, caused to be intercepted, read or attempted to be read, logged, and stored, the contents of electronic communications of Plaintiff and Class Members with its Website, while the electronic communications were in transit over any wire, line or cable, or were being sent from or received at any place within California.

30.   Plaintiff and Class Members did not consent to any of Defendant's actions in implementing wiretaps on its Website, nor did Plaintiff or Class Members consent to Defendant's intentional access, interception, recording, monitoring, reading, learning and collection of Plaintiff and Class Members' electronic communications with the Website.

31.   Defendant's conduct constitutes numerous independent and discreet violations of Cal. Penal Code § 631(a), entitling Plaintiff and Class Members to injunctive relief and statutory damages of at least $2,500.00 per violation.

# **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief against Defendant:

1.   An order certifying the Class, naming Plaintiff as the representative of the Class and Plaintiff's attorneys as Class counsel;

2.   An order declaring Defendant's conduct violates CIPA;

3.   An order of judgment in favor of Plaintiff and the Class and against Defendant on the cause of action asserted herein;

4.   An order enjoining Defendant's conduct as alleged herein and any other injunctive relief that the Court finds proper;

5.   Statutory damages to Plaintiff and the Class pursuant to Cal. Penal Code § 631(a);

6.   Punitive damages to Plaintiff and the Class pursuant to Cal. Civil Code § 3294;

7.   Prejudgment interest;

8.   Reasonable attorneys' fees and costs incurred in this action pursuant to Cal. Code Civ. Proc. § 1021.5; and

9.   All other relief that would be just and proper as a matter of law or equity, as determined by the Court.

Dated:  July 27, 2022                                    PACIFIC TRIAL ATTORNEYS, APC

By:_____
Scott. J. Ferrell
Attorneys for Plaintiff

# Exhibit F

PACIFIC TRIAL ATTORNEYS
A Professional Corporation
Scott J. Ferrell, Bar No. 202091
sferrell@pacifictrialattorneys.com
4100 Newport Place Drive, Ste. 800
Newport Beach, CA  92660
Tel: (949) 706-6464
Fax: (949) 706-6469

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

SONYA VALENZUELA, individually and on behalf of all others similarly situated,

      Plaintiff,

      v.

M.A.C. COSMETICS INC., a Delaware corporation; and DOES 1 through 25, inclusive,

      Defendants.

Case No. 5:22-cv-1360

**CLASS ACTION COMPLAINT FOR VIOLATION OF PENAL CODE § 631**

## **INTRODUCTION**

1.     Plaintiff Sonya Valenzuela ("Plaintiff") brings this class action individually and on behalf of all other California citizens similarly situated against Defendant for its illegal wiretapping of all communications with Defendant's website, www.maccosmetics.com (the "Website").

2.     Unbeknownst to visitors to the Website, Defendant has secretly deployed "keystroke monitoring" software that Defendant uses to surreptitiously intercept, monitor, and record the communications (including keystrokes and mouse clicks) of all visitors to its Website.  Defendant neither informs visitors nor seeks their express or implied consent prior to this wiretapping.

3.     Defendant has violated and continues to violate the California Invasion of Privacy Act ("CIPA"), California Penal Code § 631, entitling Plaintiff and Class Members to relief pursuant thereto.

## **JURISDICTION AND VENUE**

1.     This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. Section 1332 of the Class Action Fairness Act of 2005 because: (i) there are 100 or more class members, (ii) there is an aggregate amount in controversy exceeding $5,000,000, exclusive of interest and costs, and (iii) there is at least minimal diversity because at least one Plaintiff and Defendant are citizens of different states.

2.     Pursuant to 28 U.S.C. Section 1391, this Court is the proper venue for this action because a substantial part of the events, omissions, and acts giving rise to the claims herein occurred in this District: Plaintiff is a citizen of California who resides in this District; Defendant conducted a substantial portion of the unlawful activity in this District; and Defendant conducts business in this District.

3.     Defendant is subject to personal jurisdiction in California based upon sufficient minimum contacts which exist between Defendant and California. Defendant also does business in California.

## **PARTIES**

4.     Plaintiff is an adult citizen of California residing within the Central District of California.

5.     Defendant is a Delaware corporation.  Defendant does business and affects commerce within the state of California and with California residents.

6.     The above-named Defendant, and its subsidiaries and agents, are collectively referred to as "Defendants."     The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 25, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

7.     Plaintiff is informed and believes that at all relevant times, every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants.

8.     Plaintiff is informed and believe that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

## **FACTUAL ALLEGATIONS**

9.     Without warning visitors or seeking their consent, Defendant has secretly deployed wiretapping software on its Website.  This software allows Defendant to surreptitiously record every aspect of a visitor's interaction with the Website, including keystrokes, mouse clicks, data entry and other electronic communications.

10.     Defendant's actions are the equivalent of a vile digital trifecta: looking over its  consumers' shoulders, eavesdropping on consumers' conversations, and reading consumers' journals.  Defendant's conduct is both illegal and offensive: indeed, a recent study conducted by the Electronic Privacy Information Center, a respected thought leader regarding digital privacy, found that: (1) nearly 9 in 10 adults are "very

concerned" about data privacy, and (2) 75% of adults are unaware of the extent to which companies gather, store, and exploit their personal data. *See* https://archive.epic.org/privacy/survey/ (last downloaded August 2022).

11.   Within the past year, Plaintiff visited Defendant's Website.   Plaintiff communicated with someone that Plaintiff believed to be customer service representative.   In actuality, Defendant's Website utilizes a sophisticated "chatbot" program that convincingly impersonates an actual human that encourages consumers to share their personal information.   At the same time, the Defendant simultaneously logs, records and stores the entire conversation using secretly embedded wiretapping technology.

12.   Both the "chatbot" and "replay" technology were created by third party providers who license the technology to Defendant and with whom Defendant routinely shares the contents of the wiretapped communications for both storage an data harvesting purposes.

13.   Defendant did not inform Plaintiff, or any of the Class Members, that Defendant was secretly monitoring, recording, and sharing their communications.

14.   Defendant did not seek Plaintiff's or the Class Members' consent to monitoring, recording, and sharing the electronic communications with the Website.

15.   Plaintiff and Class Members did not know at the time of the communications that Defendant was secretly intercepting, monitoring, recording, and sharing the electronic communications.

## CLASS ALLEGATIONS

16.   Plaintiff brings this action individually and on behalf of all others similarly situated (the "Class") defined as follows:

**All persons within California, who (1) within one year of the filing of this Complaint visited Defendant's website, and (2) whose electronic communications were recorded or shared with third parties by Defendant without their prior, express consent.**

17. <u>NUMEROSITY</u>: Plaintiff does not know the number of Class Members but believes the number to be in the tens of thousands, if not more. The exact identities of Class Members may be ascertained by the records maintained by Defendant.

18. <u>COMMONALITY</u>: Common questions of fact and law exist as to all Class Members, and predominate over any questions affecting only individual members of the Class. Such common legal and factual questions, which do not vary between Class members, and which may be determined without reference to the individual circumstances of any Class Member, include but are not limited to the following:

    a. Whether Defendant caused Plaintiff's and the Class's electronic communications with the Website to be recorded, intercepted and/or monitored;

    b. Whether Defendant violated CIPA based thereon;

    c. Whether Plaintiff and Class Members are entitled to statutory damages pursuant to Cal. Penal Code § 631(a);

    d. Whether Plaintiff and Class Members are entitled to punitive damages pursuant to Cal. Civil Code § 3294; and

    e. Whether Plaintiff and Class Members are entitled to injunctive relief.

19. <u>TYPICALITY</u>: As a person who visited Defendant's Website and had her electronic communications recorded, intercepted and monitored, Plaintiff is asserting claims that are typical to the Class.

20. <u>ADEQUACY</u>: Plaintiff will fairly and adequately protect the interests of the members of The Class. Plaintiff has retained attorneys experienced in the class action litigation. All individuals with interests that are actually or potentially adverse to or in conflict with the class or whose inclusion would otherwise be improper are excluded.

21. <u>SUPERIORITY</u>: A class action is superior to other available methods of adjudication because individual litigation of the claims of all Class Members is impracticable and inefficient. Even if every Class Member could afford individual

litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous cases would proceed.

## CAUSE OF ACTION

### Violations of the California Invasion of Privacy Act

### Cal. Penal Code § 631

22. Section 631(a) of California's Penal Code prohibits and imposes liability upon any entity that "by means of any machine, instrument, contrivance, or in any other manner," (1) "intentionally taps, or makes any unauthorized connection, whether physically, electrically, acoustically, inductively, or otherwise, with any telegraph or telephone wire, line, cable, or instrument, including the wire, line, cable, or instrument of any internal telephonic communication system," or (2) "willfully and without the consent of all parties to the communication, or in any unauthorized manner, reads, or attempts to read, or to learn the contents or meaning of any message, report, or communication while the same is in transit or passing over any wire, line, or cable, or is being sent from, or received at any place within this state" or (3) "uses, or attempts to use, in any manner, or for any purpose, or to communicate in any way, any information so obtained, or who aids, agrees with, employs, or conspires with any person or persons to unlawfully do, or permit, or cause to be done any of the acts or things mentioned above in this section".

23. Section 631 of the California Penal Code applies to internet communications and thus applies to Plaintiff's and the Class's electronic communications with Defendant's Website. ("Though written in terms of wiretapping, Section 631(a) applies to Internet communications. It makes liable anyone who 'reads, or attempts to read, or to learn the contents' of a communication 'without the consent of all parties to the communication.' Cal. Penal Code § 631(a)." *Javier v. Assurance IQ, LLC*, 21-16351, 2022 WL 1744107, at *1 (9th Cir. May 31, 2022).

24. The software employed by Defendant on its Website to record Plaintiff's and the Class's electronic communications qualifies as a "machine, instrument,

contrivance, or … other manner" used to engage in the prohibited conduct alleged herein.

25.   At all relevant times, Defendant intentionally caused the internet communication between Plaintiff and Class Members with Defendant's website to be tapped and recorded.

26.   At all relevant times, Defendant willfully, and without the consent of all parties to the communication, caused to be intercepted, read or attempted to be read, logged, and stored, the contents of electronic communications of Plaintiff and Class Members with its Website, while the electronic communications were in transit over any wire, line or cable, or were being sent from or received at any place within California.

27.   Plaintiff and Class Members did not consent to any of Defendant's actions in implementing wiretaps on its Website, nor did Plaintiff or Class Members consent to Defendant's intentional access, interception, recording, monitoring, reading, learning and collection of Plaintiff and Class Members' electronic communications with the Website.

28.   Defendant's conduct constitutes numerous independent and discreet violations of Cal. Penal Code § 631(a), entitling Plaintiff and Class Members to injunctive relief and statutory damages of at least $2,500.00 per violation.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief against Defendant:

1.   An order certifying the Class, naming Plaintiff as the representative of the Class and Plaintiff's attorneys as Class counsel;

2.   An order declaring Defendant's conduct violates CIPA;

3.   An order of judgment in favor of Plaintiff and the Class and against Defendant on the cause of action asserted herein;

4. An order enjoining Defendant's conduct as alleged herein and any other injunctive relief that the Court finds proper;

5. Statutory damages to Plaintiff and the Class pursuant to Cal. Penal Code § 631(a);

6. Punitive damages to Plaintiff and the Class pursuant to Cal. Civil Code § 3294;

7. Prejudgment interest;

8. Reasonable attorneys' fees and costs; and

9. All other relief that would be just and proper as a matter of law or equity, as determined by the Court.

Dated: August 1, 2022                    PACIFIC TRIAL ATTORNEYS, APC

By:_____
Scott. J. Ferrell
Attorneys for Plaintiff

# Exhibit G

PACIFIC TRIAL ATTORNEYS
A Professional Corporation
Scott J. Ferrell, Bar No. 202091
sferrell@pacifictrialattorneys.com
4100 Newport Place Drive, Ste. 800
Newport Beach, CA 92660
Tel: (949) 706-6464
Fax: (949) 706-6469

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

SONYA VALENZUELA, individually and on behalf of all others similarly situated,

Plaintiff,

v.

M.A.C. COSMETICS INC., a Delaware corporation; and DOES 1 through 25, inclusive,

Defendants.

Case No. 5:22-cv-1360-JGB-KK

**FIRST AMENDED CLASS ACTION COMPLAINT FOR VIOLATION OF (1) PENAL CODE § 631; and (2) PENAL CODE § 632.7**

Filed: August 26, 2022

**INTRODUCTION**

1.    Plaintiff Sonya Valenzuela ("Plaintiff") brings this class action individually and on behalf of all other California citizens similarly situated against Defendant for its illegal wiretapping of all communications with Defendant's website, www.maccosmetics.com (the "Website").

2.    Unbeknownst to visitors to the Website, Defendant has secretly deployed "keystroke monitoring" software that Defendant uses to surreptitiously intercept, monitor, and record the communications (including keystrokes and mouse clicks) of all visitors to its Website. Defendant neither informs visitors nor seeks their express or implied consent prior to this wiretapping.

3.    Defendant also pays third parties to eavesdrop on such communications in real time in order to harvest data from those conversations for financial gain. Defendant does not obtain visitors' consent to either the wiretapping or the eavesdropping.

4.    Defendant has violated and continues to violate the California Invasion of Privacy Act ("CIPA"), California Penal Code §§ 631, 632.7, entitling Plaintiff and Class Members to relief pursuant thereto.

**JURISDICTION AND VENUE**

1.    This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. Section 1332 of the Class Action Fairness Act of 2005 because: (i) there are 100 or more class members, (ii) there is an aggregate amount in controversy exceeding $5,000,000, exclusive of interest and costs, and (iii) there is at least minimal diversity because at least one Plaintiff and Defendant are citizens of different states.

2.    Pursuant to 28 U.S.C. Section 1391, this Court is the proper venue for this action because a substantial part of the events, omissions, and acts giving rise to the claims herein occurred in this District: Plaintiff is a citizen of California who resides in this District; Defendant conducted a substantial portion of the unlawful activity in this District; and Defendant conducts business in this District.

3.     Defendant is subject to personal jurisdiction in California based upon sufficient minimum contacts which exist between Defendant and California. Defendant also does business in California.

## PARTIES

5.     Plaintiff is an adult citizen of California residing within the Central District of California.

6.     Defendant is a Delaware corporation.  Defendant does business and affects commerce within the state of California and with California residents.

7.     The above-named Defendant, and its subsidiaries and agents, are collectively referred to as "Defendants."     The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 25, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

8.     Plaintiff is informed and believes that at all relevant times, every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants.

9.     Plaintiff is informed and believe that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

## FACTUAL ALLEGATIONS

10.     Without warning visitors or seeking their consent, Defendant has secretly deployed wiretapping software on its Website.  This software allows Defendant to surreptitiously record every aspect of a visitor's interaction with the Website, including keystrokes, mouse clicks, data entry and other electronic communications.

11.     Defendant's actions are the equivalent of a vile digital trifecta: looking over its consumers' shoulders, eavesdropping on consumers' conversations, and reading consumers' journals.  Defendant's conduct is both illegal and offensive: indeed, a recent study conducted by the Electronic Privacy Information Center, a respected thought leader regarding digital privacy, found that: (1) nearly 9 in 10 adults are "very concerned" about data privacy, and (2) 75% of adults are unaware of the extent to which companies gather, store, and exploit their personal data.  *See* https://archive.epic.org/privacy/survey/ (last downloaded August 2022).

12.     Within the past year, Plaintiff visited Defendant's Website.  Plaintiff communicated with someone that Plaintiff believed to be customer service representative.  In actuality, Defendant's Website utilizes a sophisticated "chatbot" program that convincingly impersonates an actual human that encourages consumers to share their personal information.  At the same time, the Defendant simultaneously logs, records and stores the entire conversation using secretly embedded wiretapping technology.

13.     Both the "chatbot" and "replay" technology were created by third party providers who license the technology to Defendant.  To enable the ***eavesdropping***, Defendant has paid substantial sums to third-party companies to embed code into Defendant's website chat function that enables the third parties to secretly intercept in real time, eavesdrop upon, and store transcripts of Defendant's chat communications with unsuspecting website visitors.

14.     Defendant did not inform Plaintiff, or any of the Class Members, that Defendant was secretly monitoring, recording, and sharing their communications.

15.     Defendant did not seek Plaintiff's or the Class Members' consent to monitoring, recording, and sharing the electronic communications with the Website.

16.     Plaintiff and Class Members did not know at the time of the communications that Defendant was secretly intercepting, monitoring, recording, and

sharing the electronic communications, and allowing third parties to eavesdrop upon these communications.

## CLASS ALLEGATIONS

17.    Plaintiff brings this action individually and on behalf of all others similarly situated (the "Class") defined as follows:

**All persons within California who within the statute of limitations period: (1) communicated with Defendant via the chat feature on Defendant's Website using cellular or landline telephony, and (2) whose communications were recorded and/or eavesdropped upon without prior consent.**

18.    <u>NUMEROSITY</u>: Plaintiff does not know the number of Class Members but believes the number to be in the tens of thousands, if not more. The exact identities of Class Members may be ascertained by the records maintained by Defendant.

19.    <u>COMMONALITY</u>: Common questions of fact and law exist as to all Class Members, and predominate over any questions affecting only individual members of the Class.  Such common legal and factual questions, which do not vary between Class members, and which may be determined without reference to the individual circumstances of any Class Member, include but are not limited to the following:

    a.  Whether Defendant caused Plaintiff's and the Class's electronic communications with the Website to be recorded, intercepted and/or monitored;

    b.  Whether Defendant aided and abetted a third party in eavesdropping on such communications;

    c.  Whether Defendant violated CIPA based thereon;

    d.  Whether Plaintiff and Class Members are entitled to statutory damages;

    e.  Whether Plaintiff and Class Members are entitled to punitive damages pursuant to Cal. Civil Code § 3294; and

    f.  Whether Plaintiff and Class Members are entitled to injunctive relief.

20.    <u>TYPICALITY</u>: As a person who visited Defendant's Website and had her electronic communications recorded, intercepted and monitored, Plaintiff is asserting claims that are typical to the Class.

21.    <u>ADEQUACY</u>: Plaintiff will fairly and adequately protect the interests of the members of The Class. Plaintiff has retained attorneys experienced in the class action litigation.  All individuals with interests that are actually or potentially adverse to or in conflict with the class or whose inclusion would otherwise be improper are excluded.

22.    <u>SUPERIORITY</u>: A class action is superior to other available methods of adjudication because individual litigation of the claims of all Class Members is impracticable and inefficient.  Even if every Class Member could afford individual litigation, the court system could not.  It would be unduly burdensome to the courts in which individual litigation of numerous cases would proceed.

**FIRST CAUSE OF ACTION**

**Violations of the California Invasion of Privacy Act**

**Cal. Penal Code § 631**

23.    Section 631(a) of California's Penal Code prohibits and imposes liability upon any entity that "by means of any machine, instrument, contrivance, or in any other manner," (1) "intentionally taps, or makes any unauthorized connection, whether physically, electrically, acoustically, inductively, or otherwise, with any telegraph or telephone wire, line, cable, or instrument, including the wire, line, cable, or instrument of any internal telephonic communication system," or (2) "willfully and without the consent of all parties to the communication, or in any unauthorized manner, reads, or attempts to read, or to learn the contents or meaning of any message, report, or communication while the same is in transit or passing over any wire, line, or cable, or is being sent from, or received at any place within this state" or (3) "uses, or attempts to use, in any manner, or for any purpose, or to communicate in any way, any information so obtained, or who aids, agrees with, employs, or conspires with any person or persons

1  to unlawfully do, or permit, or cause to be done any of the acts or things mentioned
2  above in this section".

3  24. Section 631 of the California Penal Code applies to internet
4  communications and thus applies to Plaintiff's and the Class's electronic
5  communications with Defendant's Website. ("Though written in terms of wiretapping,
6  Section 631(a) applies to Internet communications. It makes liable anyone who 'reads,
7  or attempts to read, or to learn the contents' of a communication 'without the consent of
8  all parties to the communication.' Cal. Penal Code § 631(a)." *Javier v. Assurance IQ,*
9  *LLC*, 21-16351, 2022 WL 1744107, at *1 (9th Cir. May 31, 2022).

10  25. The software employed by Defendant on its Website to record Plaintiff's
11  and the Class's electronic communications qualifies as a "machine, instrument,
12  contrivance, or … other manner" used to engage in the prohibited conduct alleged
13  herein.

14  26. At all relevant times, Defendant intentionally caused the internet
15  communication between Plaintiff and Class Members with Defendant's website to be
16  tapped and recorded.

17  27. At all relevant times, Defendant willfully, and without the consent of all
18  parties to the communication, caused to be intercepted, read or attempted to be read,
19  logged, and stored, the contents of electronic communications of Plaintiff and Class
20  Members with its Website, while the electronic communications were in transit over
21  any wire, line or cable, or were being sent from or received at any place within
22  California.

23  28. Plaintiff and Class Members did not consent to any of Defendant's actions
24  in implementing wiretaps on its Website, nor did Plaintiff or Class Members consent to
25  Defendant's intentional access, interception, recording, monitoring, reading, learning
26  and collection of Plaintiff and Class Members' electronic communications with the
27  Website.

28

29.     Defendant's conduct constitutes numerous independent and discreet violations of Cal. Penal Code § 631(a), entitling Plaintiff and Class Members to injunctive relief and statutory damages of at least $2,500.00 per violation.

## SECOND CAUSE OF ACTION

### Violations of the California Invasion of Privacy Act

### Cal. Penal Code § 632.7

29.     Section 632.7 of California's Penal Code imposes liability upon anyone "who, without the consent of all parties to a communication, intercepts or receives and intentionally records, or assists in the interception or reception and intentional recordation of, a communication transmitted between two cellular radio telephones, a cellular radio telephone and a landline telephone, two cordless telephones, a cordless telephone and a landline telephone, or a cordless telephone and a cellular radio telephone."

30.     Plaintiff and the class members communicated with Defendant using smartphones (sophisticated cellular radio telephones) and/or devices enabled by cellular or landline telephony.  As such, Plaintiff's communication was transmitted from a "cellular radio telephone" and/or "landline telephone" as defined by Section 632.7.

31.     Communication from the chat function on Defendant's website is transmitted via a combination of landline telephony and cellular telephony.  As such, Defendant's communications with plaintiff and the class were transmitted from telephony subject to the prohibitions of Section 632.7.

32.     As set forth above, Defendant recorded telephony communication without the consent of all parties to the communication in violation of Section 632.7.

33.     As set forth above, Defendant also assisted third parties in the interception, reception, and/or intentional recordation of telephony communication in violation of Section 632.7.

34. Defendant's conduct constitutes numerous independent and discreet violations of Cal. Penal Code § 632.7, entitling Plaintiff and Class Members to injunctive relief and statutory damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief against Defendant:

1. An order certifying the Class, naming Plaintiff as the representative of the Class and Plaintiff's attorneys as Class counsel;

2. An order declaring Defendant's conduct violates CIPA;

3. An order of judgment in favor of Plaintiff and the Class and against Defendant on the cause of action asserted herein;

4. An order enjoining Defendant's conduct as alleged herein and any other injunctive relief that the Court finds proper;

5. Statutory damages to Plaintiff and the Class pursuant to CIPA;

6. Punitive damages to Plaintiff and the Class pursuant to Cal. Civil Code § 3294;

7. Prejudgment interest;

8. Reasonable attorneys' fees and costs; and

9. All other relief that would be just and proper as a matter of law or equity, as determined by the Court.

Dated: September 22, 2022          PACIFIC TRIAL ATTORNEYS, APC

By:_____
Scott. J. Ferrell
Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on September 22, 2022, I electronically filed the foregoing **FIRST AMENDED CLASS ACTION COMPLAINT FOR VIOLATION OF (1) PENAL CODE § 631; and (2) PENAL CODE § 632.7** with the Clerk of the Court using the CM/ECF system which will send notification of such filing via electronic mail to all counsel of record.

*/s/ Scott J. Ferrell*
Scott J. Ferrell

# Exhibit H

Electronically FILED by Superior Court of California, County of Los Angeles on 08/03/2022 11:37 PM Sherri R. Carter, Executive Officer/Clerk of Court, by G. Carini,Deputy Clerk

1  PACIFIC TRIAL ATTORNEYS
   A Professional Corporation
2  Scott J. Ferrell, Bar No. 202091
   sferrell@pacifictrialattorneys.com
3  David W. Reid, Bar No. 267382
   dreid@pacifictrialattorneys.com
4  Victoria C. Knowles, Bar No. 277231
   vknowles@pacifictrialattorneys.com
5  4100 Newport Place Drive, Ste. 800
   Newport Beach, CA  92660
6  Tel: (949) 706-6464
   Fax: (949) 706-6469
7
   Attorneys for Plaintiff and Proposed Class
8

9          **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10             **FOR THE COUNTY OF LOS ANGELES**

11

12

13 SONYA VALENZUELA, individually and on      Case No. 22STCV25119
   behalf of all others similarly situated,

14        Plaintiff,

15        v.                                   **CLASS ACTION COMPLAINT FOR**
                                               **VIOLATION OF PENAL CODE § 631**
16 THE KROGER CO., an Ohio corporation; and
   DOES 1 through 25, inclusive,

17
          Defendants.
18

19

20

21

22

23

24

25

26

27

28

## INTRODUCTION

1.      Plaintiff Sonya Valenzuela ("Plaintiff") brings this action individually and on behalf of all other Californians similarly situated against Defendant for its illegal wiretapping of electronic communications with Defendant's website www.kroger.com (the "Website").

2.      Unbeknownst to visitors to the Website, Defendant has secretly deployed "keystroke monitoring" software that Defendant uses to surreptitiously intercept, monitor, and record the communications (including keystrokes and mouse clicks) of all visitors to its Website.  Defendant neither informs visitors nor seeks their express or implied consent prior to this wiretapping.

3.      Defendant has violated and continues to violate the California Invasion of Privacy Act ("CIPA"), California Penal Code § 631, entitling Plaintiff and Class Members to relief pursuant thereto.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over all causes of action asserted herein.

5.      Venue is proper in this Court because Defendant knowingly engages in activities directed at consumers in this County and engaged in the wrongful conduct alleged herein against residents of this County.

6.      Any out-of-state participants can be brought before this Court pursuant to California's "long-arm" jurisdictional statute.

## PARTIES

7.      Plaintiff Sonya Valenzuela is an adult resident of California.

8.      Defendant is an Ohio corporation.  Defendant does business and affects commerce within the state of California and with California residents.

9.      The above-named Defendants, and their subsidiaries and agents, are collectively referred to as "Defendants."  The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 25, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend the

Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

10.    Plaintiff is informed and believes that at all relevant times, every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants.

11.    Plaintiff is informed and believe that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

## **FACTUAL ALLEGATIONS**

12.    Without warning visitors or seeking their consent, Defendant has secretly deployed wiretapping software on its Website.  This software allows Defendant to surreptitiously record every aspect of a visitor's interaction with the Website, including keystrokes, mouse clicks, data entry and other electronic communications.

13.    Defendant's actions amount to the digital equivalent of both looking over a consumer's shoulder and eavesdropping on a consumer's conversation.  Defendant's conduct is not only illegal, it is offensive: indeed, a recent study conducted by the Electronic Privacy Information Center, a respected thought leader regarding digital privacy, found that: (1) nearly 9 in 10 adults are "very concerned" about data privacy; and (2) 75% of adults are unaware of the true extent to which companies gather, store, and exploit their personal data.  *See* https://archive.epic.org/privacy/survey/ (last downloaded July 2022).

14.    Within the past year, Plaintiff visited Defendant's Website.  Plaintiff communicated with someone Plaintiff believed was a customer service representative.  In reality, Defendant's Website utilizes a sophisticated "chatbot" that convincingly impersonates an actual human while encouraging consumers to share their personal information.  At the same time, the Defendant simultaneously records and stores the entire conversation using secretly embedded wiretapping technology.

15.     Both the "chatbot" and "replay" technology were created by third party providers who license the technology to Defendant.  Defendant shares the wiretapped communications with the third party providers for both storage and data harvesting purposes.

16.     Defendant did not inform Plaintiff, or any of the Class Members, that Defendant was secretly monitoring, recording, and sharing Plaintiff's and the Class's communications.

17.     Defendant did not seek Plaintiff's or the Class Members' consent to monitoring, recording, and sharing the electronic communications with the Website.

18.     Plaintiff and Class Members did not know at the time of the communications that Defendant was secretly intercepting, monitoring, recording, and sharing the electronic communications.

## CLASS ALLEGATIONS

19.     Plaintiff brings this action individually and on behalf of all others similarly situated (the "Class") defined as follows:

**All persons within California, who (1) within one year of the filing of this Complaint visited Defendant's website, and (2) whose electronic communications were caused to be intercepted, recorded, monitored, and/or shared by Defendant without prior consent.**

20.     NUMEROSITY: Plaintiff does not know the number of Class Members but believes the number to be in the tens of thousands, if not more. The exact identities of Class Members may be ascertained by the records maintained by Defendant.

21.     COMMONALITY: Common questions of fact and law exist as to all Class Members, and predominate over any questions affecting only individual members of the Class.  Such common legal and factual questions, which do not vary between Class members, and which may be determined without reference to the individual circumstances of any Class Member, include but are not limited to the following:

a.   Whether Defendant caused Plaintiff's and the Class's electronic communications with the Website to be recorded, intercepted and/or monitored;

b.   Whether Defendant violated CIPA based thereon;

c.  Whether Plaintiff and Class Members are entitled to statutory damages pursuant to Cal. Penal Code § 631(a);

d.  Whether Plaintiff and Class Members are entitled to punitive damages pursuant to Cal. Civil Code § 3294; and

e.  Whether Plaintiff and Class Members are entitled to injunctive relief.

22.  <u>TYPICALITY</u>: As a person who visited Defendant's Website and had her electronic communications recorded, intercepted and monitored, Plaintiff is asserting claims that are typical to the Class.

23.  <u>ADEQUACY</u>: Plaintiff will fairly and adequately protect the interests of the members of The Class. Plaintiff has retained attorneys experienced in the class action litigation. All individuals with interests that are actually or potentially adverse to or in conflict with the class or whose inclusion would otherwise be improper are excluded.

24.  <u>SUPERIORITY</u>: A class action is superior to other available methods of adjudication because individual litigation of the claims of all Class Members is impracticable and inefficient. Even if every Class Member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous cases would proceed.

## CAUSE OF ACTION

### Violations of the California Invasion of Privacy Act

### Cal. Penal Code § 631

25.  Section 631(a) of California's Penal Code prohibits and imposes liability upon any entity that "by means of any machine, instrument, contrivance, or in any other manner," (1) "intentionally taps, or makes any unauthorized connection, whether physically, electrically, acoustically, inductively, or otherwise, with any telegraph or telephone wire, line, cable, or instrument, including the wire, line, cable, or instrument of any internal telephonic communication system," or (2) "willfully and without the consent of all parties to the communication, or in any unauthorized manner, reads, or attempts to read, or to learn the contents or meaning of any message, report, or communication while the same is in transit or passing over any wire, line, or cable, or is being sent from, or received at any place within this state" or (3) "uses, or attempts to use, in any manner, or for

any purpose, or to communicate in any way, any information so obtained, or who aids, agrees with, employs, or conspires with any person or persons to unlawfully do, or permit, or cause to be done any of the acts or things mentioned above in this section".

*26.* Section 631 of the California Penal Code applies to internet communications and thus applies to Plaintiff's and the Class's electronic communications with Defendant's Website. ("Though written in terms of wiretapping, Section 631(a) applies to Internet communications. It makes liable anyone who 'reads, or attempts to read, or to learn the contents' of a communication 'without the consent of all parties to the communication.' Cal. Penal Code § 631(a)." *Javier v. Assurance IQ, LLC*, 21-16351, 2022 WL 1744107, at *1 (9th Cir. May 31, 2022).

27. The software employed by Defendant on its Website to record Plaintiff's and the Class's electronic communications qualifies as a "machine, instrument, contrivance, or … other manner" used to engage in the prohibited conduct alleged herein.

28. At all relevant times, Defendant intentionally caused the internet communication between Plaintiff and Class Members with Defendant's website to be tapped and recorded.

29. At all relevant times, Defendant willfully, and without the consent of all parties to the communication, caused to be intercepted, read or attempted to be read, logged, and stored, the contents of electronic communications of Plaintiff and Class Members with its Website, while the electronic communications were in transit over any wire, line or cable, or were being sent from or received at any place within California.

30. Plaintiff and Class Members did not consent to any of Defendant's actions in implementing wiretaps on its Website, nor did Plaintiff or Class Members consent to Defendant's intentional access, interception, recording, monitoring, reading, learning and collection of Plaintiff and Class Members' electronic communications with the Website.

31. Defendant's conduct constitutes numerous independent and discreet violations of Cal. Penal Code § 631(a), entitling Plaintiff and Class Members to injunctive relief and statutory damages of at least $2,500.00 per violation.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief against Defendant:

1.     An order certifying the Class, naming Plaintiff as the representative of the Class and Plaintiff's attorneys as Class counsel;

2.     An order declaring Defendant's conduct violates CIPA;

3.     An order of judgment in favor of Plaintiff and the Class and against Defendant on the cause of action asserted herein;

4.     An order enjoining Defendant's conduct as alleged herein and any other injunctive relief that the Court finds proper;

5.     Statutory damages to Plaintiff and the Class pursuant to Cal. Penal Code § 631(a);

6.     Punitive damages to Plaintiff and the Class pursuant to Cal. Civil Code § 3294;

7.     Prejudgment interest;

8.     Reasonable attorneys' fees and costs incurred in this action pursuant to Cal. Code Civ. Proc. § 1021.5; and

9.     All other relief that would be just and proper as a matter of law or equity, as determined by the Court.

Dated:  August 3, 2022                  PACIFIC TRIAL ATTORNEYS, APC

By:                         
Scott. J. Ferrell
Attorneys for Plaintiff

# Exhibit I

Electronically FILED by Superior Court of California, County of Los Angeles on 08/03/2022 01:13 PM Sherri R. Carter, Executive Officer/Clerk of Court, by G. Carini,Deputy Clerk

1  PACIFIC TRIAL ATTORNEYS
   A Professional Corporation
2  Scott J. Ferrell, Bar No. 202091
   sferrell@pacifictrialattorneys.com
3  David W. Reid, Bar No. 267382
   dreid@pacifictrialattorneys.com
4  Victoria C. Knowles, Bar No. 277231
   vknowles@pacifictrialattorneys.com
5  4100 Newport Place Drive, Ste. 800
   Newport Beach, CA  92660
6  Tel: (949) 706-6464
   Fax: (949) 706-6469
7
   Attorneys for Plaintiff and Proposed Class
8

9            **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10                **FOR THE COUNTY OF LOS ANGELES**

11

12
   SONYA VALENZUELA, individually and on      Case No. 22STCV25022
13 behalf of all others similarly situated,

14            Plaintiff,

15            v.                               **CLASS ACTION COMPLAINT FOR
                                               VIOLATION OF PENAL CODE § 631**
16 BJ'S WHOLESALE CLUB, INC., a Delaware
   corporation; and DOES 1 through 25, inclusive,
17
            Defendants.
18

19

20

21

22

23

24

25

26

27

28

# **INTRODUCTION**

1.      Plaintiff Sonya Valenzuela ("Plaintiff") brings this action individually and on behalf of all other Californians similarly situated against Defendant for its illegal wiretapping of electronic communications with Defendant's website www.bjs.com (the "Website").

2.      Unbeknownst to visitors to the Website, Defendant has secretly deployed "keystroke monitoring" software that Defendant uses to surreptitiously intercept, monitor, and record the communications (including keystrokes and mouse clicks) of all visitors to its Website.  Defendant neither informs visitors nor seeks their express or implied consent prior to this wiretapping.

3.      Defendant has violated and continues to violate the California Invasion of Privacy Act ("CIPA"), California Penal Code § 631, entitling Plaintiff and Class Members to relief pursuant thereto.

# **JURISDICTION AND VENUE**

4.      This Court has jurisdiction over all causes of action asserted herein.

5.      Venue is proper in this Court because Defendant knowingly engages in activities directed at consumers in this County and engaged in the wrongful conduct alleged herein against residents of this County.

6.      Any out-of-state participants can be brought before this Court pursuant to California's "long-arm" jurisdictional statute.

# **PARTIES**

7.      Plaintiff Sonya Valenzuela is an adult resident of California.

8.      Defendant is a Delaware corporation.  Defendant does business and affects commerce within the state of California and with California residents.

9.      The above-named Defendants, and their subsidiaries and agents, are collectively referred to as "Defendants."  The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 25, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend the

Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

10.     Plaintiff is informed and believes that at all relevant times, every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants.

11.     Plaintiff is informed and believe that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

## **FACTUAL ALLEGATIONS**

12.     Without warning visitors or seeking their consent, Defendant has secretly deployed wiretapping software on its Website.  This software allows Defendant to surreptitiously record every aspect of a visitor's interaction with the Website, including keystrokes, mouse clicks, data entry and other electronic communications.

13.     Defendant's actions amount to the digital equivalent of both looking over a consumer's shoulder and eavesdropping on a consumer's conversation.  Defendant's conduct is not only illegal, it is offensive: indeed, a recent study conducted by the Electronic Privacy Information Center, a respected thought leader regarding digital privacy, found that: (1) nearly 9 in 10 adults are "very concerned" about data privacy; and (2) 75% of adults are unaware of the true extent to which companies gather, store, and exploit their personal data.  *See* https://archive.epic.org/privacy/survey/ (last downloaded July 2022).

14.     Within the past year, Plaintiff visited Defendant's Website.  Plaintiff communicated with someone Plaintiff believed was a customer service representative.  In reality, Defendant's Website utilizes a sophisticated "chatbot" that convincingly impersonates an actual human while encouraging consumers to share their personal information.  At the same time, the Defendant simultaneously records and stores the entire conversation using secretly embedded wiretapping technology.

15.     Both the "chatbot" and "replay" technology were created by third party providers who license the technology to Defendant.  Defendant shares the wiretapped communications with the third party providers for both storage and data harvesting purposes.

16.     Defendant did not inform Plaintiff, or any of the Class Members, that Defendant was secretly monitoring, recording, and sharing Plaintiff's and the Class's communications.

17.     Defendant did not seek Plaintiff's or the Class Members' consent to monitoring, recording, and sharing the electronic communications with the Website.

18.     Plaintiff and Class Members did not know at the time of the communications that Defendant was secretly intercepting, monitoring, recording, and sharing the electronic communications.

## **CLASS ALLEGATIONS**

19.     Plaintiff brings this action individually and on behalf of all others similarly situated (the "Class") defined as follows:

**All persons within California, who (1) within one year of the filing of this Complaint visited Defendant's website, and (2) whose electronic communications were caused to be intercepted, recorded, monitored, and/or shared by Defendant without prior consent.**

20.     NUMEROSITY: Plaintiff does not know the number of Class Members but believes the number to be in the tens of thousands, if not more. The exact identities of Class Members may be ascertained by the records maintained by Defendant.

21.     COMMONALITY: Common questions of fact and law exist as to all Class Members, and predominate over any questions affecting only individual members of the Class.  Such common legal and factual questions, which do not vary between Class members, and which may be determined without reference to the individual circumstances of any Class Member, include but are not limited to the following:

a.   Whether Defendant caused Plaintiff's and the Class's electronic communications with the Website to be recorded, intercepted and/or monitored;

b.   Whether Defendant violated CIPA based thereon;

c. Whether Plaintiff and Class Members are entitled to statutory damages pursuant to Cal. Penal Code § 631(a);

d. Whether Plaintiff and Class Members are entitled to punitive damages pursuant to Cal. Civil Code § 3294; and

e. Whether Plaintiff and Class Members are entitled to injunctive relief.

22.     <u>TYPICALITY</u>: As a person who visited Defendant's Website and had her electronic communications recorded, intercepted and monitored, Plaintiff is asserting claims that are typical to the Class.

23.     <u>ADEQUACY</u>: Plaintiff will fairly and adequately protect the interests of the members of The Class. Plaintiff has retained attorneys experienced in the class action litigation.  All individuals with interests that are actually or potentially adverse to or in conflict with the class or whose inclusion would otherwise be improper are excluded.

24.     <u>SUPERIORITY</u>: A class action is superior to other available methods of adjudication because individual litigation of the claims of all Class Members is impracticable and inefficient.  Even if every Class Member could afford individual litigation, the court system could not.  It would be unduly burdensome to the courts in which individual litigation of numerous cases would proceed.

# **CAUSE OF ACTION**

### **Violations of the California Invasion of Privacy Act**

### **Cal. Penal Code § 631**

25.     Section 631(a) of California's Penal Code prohibits and imposes liability upon any entity that "by means of any machine, instrument, contrivance, or in any other manner," (1) "intentionally taps, or makes any unauthorized connection, whether physically, electrically, acoustically, inductively, or otherwise, with any telegraph or telephone wire, line, cable, or instrument, including the wire, line, cable, or instrument of any internal telephonic communication system," or (2) "willfully and without the consent of all parties to the communication, or in any unauthorized manner, reads, or attempts to read, or to learn the contents or meaning of any message, report, or communication while the same is in transit or passing over any wire, line, or cable, or is being sent from, or received at any place within this state" or (3) "uses, or attempts to use, in any manner, or for

any purpose, or to communicate in any way, any information so obtained, or who aids, agrees with, employs, or conspires with any person or persons to unlawfully do, or permit, or cause to be done any of the acts or things mentioned above in this section".

26.     Section 631 of the California Penal Code applies to internet communications and thus applies to Plaintiff's and the Class's electronic communications with Defendant's Website. ("Though written in terms of wiretapping, Section 631(a) applies to Internet communications. It makes liable anyone who 'reads, or attempts to read, or to learn the contents' of a communication 'without the consent of all parties to the communication.' Cal. Penal Code § 631(a)." *Javier v. Assurance IQ, LLC*, 21-16351, 2022 WL 1744107, at \*1 (9th Cir. May 31, 2022).

27.     The software employed by Defendant on its Website to record Plaintiff's and the Class's electronic communications qualifies as a "machine, instrument, contrivance, or … other manner" used to engage in the prohibited conduct alleged herein.

28.     At all relevant times, Defendant intentionally caused the internet communication between Plaintiff and Class Members with Defendant's website to be tapped and recorded.

29.     At all relevant times, Defendant willfully, and without the consent of all parties to the communication, caused to be intercepted, read or attempted to be read, logged, and stored, the contents of electronic communications of Plaintiff and Class Members with its Website, while the electronic communications were in transit over any wire, line or cable, or were being sent from or received at any place within California.

30.     Plaintiff and Class Members did not consent to any of Defendant's actions in implementing wiretaps on its Website, nor did Plaintiff or Class Members consent to Defendant's intentional access, interception, recording, monitoring, reading, learning and collection of Plaintiff and Class Members' electronic communications with the Website.

31.     Defendant's conduct constitutes numerous independent and discreet violations of Cal. Penal Code § 631(a), entitling Plaintiff and Class Members to injunctive relief and statutory damages of at least $2,500.00 per violation.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief against Defendant:

1.  An order certifying the Class, naming Plaintiff as the representative of the Class and Plaintiff's attorneys as Class counsel;

2.  An order declaring Defendant's conduct violates CIPA;

3.  An order of judgment in favor of Plaintiff and the Class and against Defendant on the cause of action asserted herein;

4.  An order enjoining Defendant's conduct as alleged herein and any other injunctive relief that the Court finds proper;

5.  Statutory damages to Plaintiff and the Class pursuant to Cal. Penal Code § 631(a);

6.  Punitive damages to Plaintiff and the Class pursuant to Cal. Civil Code § 3294;

7.  Prejudgment interest;

8.  Reasonable attorneys' fees and costs incurred in this action pursuant to Cal. Code Civ. Proc. § 1021.5; and

9.  All other relief that would be just and proper as a matter of law or equity, as determined by the Court.

Dated: August 3, 2022                    PACIFIC TRIAL ATTORNEYS, APC

By: _____
Scott. J. Ferrell
Attorneys for Plaintiff

# Exhibit J

Assigned for all purposes to: Spring Street Courthouse, Judicial Officer: Carolyn Kuhl

Electronically FILED by Superior Court of California, County of Los Angeles on 08/12/2022 10:54 AM Sherri R. Carter, Executive Officer/Clerk of Court, by G. Carini,Deputy Clerk

PACIFIC TRIAL ATTORNEYS
A Professional Corporation
Scott J. Ferrell, Bar No. 202091
sferrell@pacifictrialattorneys.com
David W. Reid, Bar No. 267382
dreid@pacifictrialattorneys.com
Victoria C. Knowles, Bar No. 277231
vknowles@pacifictrialattorneys.com
4100 Newport Place Drive, Ste. 800
Newport Beach, CA  92660
Tel: (949) 706-6464
Fax: (949) 706-6469

Attorneys for Plaintiff and Proposed Class

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| SONYA VALENZUELA, individually and on behalf of all others similarly situated, | Case No. 22STCV26119 |
| Plaintiff, | |
| v. | **CLASS ACTION COMPLAINT FOR VIOLATION OF PENAL CODE § 631** |
| KASPERSKY LAB, INC., a Massachusetts corporation; and DOES 1 through 25, inclusive, | |
| Defendants. | |

# INTRODUCTION

1.      Plaintiff brings this action individually and on behalf of all other Californians similarly situated against Defendant for its illegal wiretapping of electronic communications with Defendant's website chatbot at  usa.kaspersky.com (the "Website").

2.      Unbeknownst to visitors to the Website, Defendant has secretly deployed software that Defendant uses to surreptitiously intercept, monitor, record, and store the communications of all visitors that use the chat feature on its website.

3.      Going from bad to worse, Defendant then shares the content of the customer chats with a spyware company called "Clicktale" for data harvesting purposes.  Defendant neither informs visitors nor seeks their express or implied consent prior to this wiretapping, nor does Defendant inform visitors that it will be sharing the secretly-recorded transcripts with a spyware company.

4.      Defendant has violated and continues to violate the California Invasion of Privacy Act ("CIPA"), California Penal Code § 631, entitling Plaintiff and Class Members to relief pursuant thereto.

# JURISDICTION AND VENUE

5.      This Court has jurisdiction over all causes of action asserted herein.

6.      Venue is proper in this Court because Defendant knowingly engages in activities directed at consumers in this County and engaged in the wrongful conduct alleged herein against residents of this County.

7.      Any out-of-state participants can be brought before this Court pursuant to California's "long-arm" jurisdictional statute.

# PARTIES

8.      Plaintiff is an adult resident of California.

9.      Defendant is a Massachusetts corporation.  Defendant does business and affects commerce within the state of California and with California residents.

10.     The above-named Defendants, and their subsidiaries and agents, are collectively referred to as "Defendants."  The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 25, inclusive, are currently unknown to Plaintiff, who therefore sues such

Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

11.     Plaintiff is informed and believes that at all relevant times, every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants.

12.     Plaintiff is informed and believe that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

## FACTUAL ALLEGATIONS

13.     Without warning visitors or seeking their ckasonsent, Defendant has secretly deployed wiretapping software on its Website.  This software allows Defendant to surreptitiously monitor, transcribe, record and share every visitor's electronic communications with and through the website chat feature.  Going from bad to worse, Defendant then transmits transcripts of the secretly recorded chat session to a spyware company called "Clicktale" for data harvesting purposes.

14.     Defendant's actions amount to the digital equivalent of both looking over consumers' shoulders, eavesdropping on consumers' conversation, and publicizing their journals.  Defendant's conduct is not only illegal, it is offensive: indeed, a recent study conducted by the Electronic Privacy Information Center, a respected thought leader regarding digital privacy, found that: (1) nearly 9 in 10 adults are "very concerned" about data privacy; and (2) 75% of adults are unaware of the true extent to which companies gather, store, and exploit their personal data.     *See* https://archive.epic.org/privacy/survey/ (last downloaded July 2022).

15.     Within the past year, Plaintiff visited Defendant's Website.     Plaintiff then communicated with someone Plaintiff believed was a customer service representative.  In reality, Defendant's Website utilizes a sophisticated "chatbot" that convincingly impersonates an actual human while encouraging consumers to share their personal information.  At the same time, the

Defendant simultaneously records and stores the entire conversation using secretly embedded wiretapping technology.

16.     The "chatbot" technology was created by a third party provider who licenses the technology to Defendant.  Defendant shares the wiretapped communications with the third party for both storage and data harvesting purposes.

17.     Defendant did not inform Plaintiff, or any of the Class Members, that Defendant was secretly monitoring, recording, and sharing Plaintiff's and the Class's communications.

18.     Defendant did not seek Plaintiff's or the Class Members' consent to monitoring, recording, and sharing the electronic communications with the Website.

19.     Plaintiff and Class Members did not know at the time of the communications that Defendant was secretly intercepting, monitoring, recording, and sharing the electronic communications.

## **CLASS ALLEGATIONS**

20.     Plaintiff brings this action individually and on behalf of all others similarly situated (the "Class") defined as follows:

**All persons within California who: (1) within one year of the filing of this Complaint visited Defendant's website, and (2) whose electronic communications were intercepted, recorded, monitored, and/or shared by Defendant without prior consent.**

21.     <u>NUMEROSITY</u>: Plaintiff does not know the number of Class Members but believes the number to be in the tens of thousands, if not more. The exact identities of Class Members may be ascertained by the records maintained by Defendant.

22.     <u>COMMONALITY</u>: Common questions of fact and law exist as to all Class Members, and predominate over any questions affecting only individual members of the Class.  Such common legal and factual questions, which do not vary between Class members, and which may be determined without reference to the individual circumstances of any Class Member, include but are not limited to the following:

     a.   Whether Defendant caused Plaintiff's and the Class's electronic communications with the Website to be recorded, intercepted and/or monitored;

     b.   Whether Defendant violated CIPA based thereon;

     c.   Whether Plaintiff and Class Members are entitled to statutory damages pursuant to Cal. Penal Code § 631(a);

     d.   Whether Plaintiff and Class Members are entitled to punitive damages pursuant to Cal. Civil Code § 3294; and

     e.   Whether Plaintiff and Class Members are entitled to injunctive relief.

23.    <u>TYPICALITY</u>: As a person who visited Defendant's Website and had electronic communications recorded, intercepted and monitored, Plaintiff is asserting claims that are typical to the Class.

24.    <u>ADEQUACY</u>: Plaintiff will fairly and adequately protect the interests of the members of The Class. Plaintiff has retained attorneys experienced in the class action litigation.  All individuals with interests that are actually or potentially adverse to or in conflict with the class or whose inclusion would otherwise be improper are excluded.

25.    <u>SUPERIORITY</u>: A class action is superior to other available methods of adjudication because individual litigation of the claims of all Class Members is impracticable and inefficient.  Even if every Class Member could afford individual litigation, the court system could not.  It would be unduly burdensome to the courts in which individual litigation of numerous cases would proceed.

# CAUSE OF ACTION

**Violations of the California Invasion of Privacy Act**

**Cal. Penal Code § 631**

26.    Section 631(a) of California's Penal Code prohibits and imposes liability upon any entity that "by means of any machine, instrument, contrivance, or in any other manner," (1) "intentionally taps, or makes any unauthorized connection, whether physically, electrically, acoustically, inductively, or otherwise, with any telegraph or telephone wire, line, cable, or instrument, including the wire, line, cable, or instrument of any internal telephonic communication system," or (2) "willfully and without the consent of all parties to the communication, or in any unauthorized manner,

reads, or attempts to read, or to learn the contents or meaning of any message, report, or communication while the same is in transit or passing over any wire, line, or cable, or is being sent from, or received at any place within this state" or (3) "uses, or attempts to use, in any manner, or for any purpose, or to communicate in any way, any information so obtained, or who aids, agrees with, employs, or conspires with any person or persons to unlawfully do, or permit, or cause to be done any of the acts or things mentioned above in this section".

27.     Section 631 of the California Penal Code applies to internet communications and thus applies to Plaintiff's and the Class's electronic communications with Defendant's Website. ("Though written in terms of wiretapping, Section 631(a) applies to Internet communications. It makes liable anyone who 'reads, or attempts to read, or to learn the contents' of a communication 'without the consent of all parties to the communication.' Cal. Penal Code § 631(a)." *Javier v. Assurance IQ, LLC*, 21-16351, 2022 WL 1744107, at *1 (9th Cir. May 31, 2022).

28.     The software employed by Defendant on its Website to record Plaintiff's and the Class's electronic communications qualifies as a "machine, instrument, contrivance, or … other manner" used to engage in the prohibited conduct alleged herein.

29.     At all relevant times, Defendant intentionally caused the internet communication between Plaintiff and Class Members with Defendant via its chatbot to be logged, stored, and shared.

30.     At all relevant times, Defendant willfully, and without the consent of all parties to the communication, caused to be intercepted, read or attempted to be read, logged, and stored, the contents of electronic communications of Plaintiff and Class Members with its Website, while the electronic communications were in transit over any wire, line or cable, or were being sent from or received at any place within California.

31.     Plaintiff and Class Members did not consent to any of Defendant's actions in implementing wiretaps on its Website, nor did Plaintiff or Class Members consent to Defendant's intentional access, interception, recording, monitoring, reading, learning and collection of Plaintiff and Class Members' electronic communications with the Website.

32.     Defendant's conduct constitutes numerous independent and discreet violations of Cal. Penal Code § 631(a), entitling Plaintiff and Class Members to injunctive relief and statutory damages of at least $2,500.00 per violation.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief against Defendant:

1.     An order certifying the Class, naming Plaintiff as the representative of the Class and Plaintiff's attorneys as Class counsel;

2.     An order declaring Defendant's conduct violates CIPA;

3.     An order of judgment in favor of Plaintiff and the Class and against Defendant on the cause of action asserted herein;

4.     An order enjoining Defendant's conduct as alleged herein and any other injunctive relief that the Court finds proper;

5.     Statutory damages to Plaintiff and the Class pursuant to Cal. Penal Code § 631(a);

6.     Punitive damages to Plaintiff and the Class pursuant to Cal. Civil Code § 3294;

7.     Prejudgment interest;

8.     Reasonable attorneys' fees and costs incurred in this action pursuant to Cal. Code Civ. Proc. § 1021.5; and

9.     All other relief that would be just and proper as a matter of law or equity, as determined by the Court.

Dated:  August 12, 2022                     PACIFIC TRIAL ATTORNEYS, APC

By:_____
Scott. J. Ferrell
Attorneys for Plaintiff

# Exhibit K

1  PACIFIC TRIAL ATTORNEYS
   A Professional Corporation
2  Scott J. Ferrell, Bar No. 202091
   sferrell@pacifictrialattorneys.com
3  4100 Newport Place Drive, Ste. 800
   Newport Beach, CA  92660
4  Tel: (949) 706-6464
   Fax: (949) 706-6469
5
   Attorneys for Plaintiff
6

7

8               UNITED STATES DISTRICT COURT

9               CENTRAL DISTRICT OF CALIFORNIA

10

11  SONYA VALENZUELA, individually and      Case No. 5:22-cv-1561
    on behalf of all others similarly situated,
12
          Plaintiff,
13
          v.
14                                          **CLASS ACTION COMPLAINT FOR
                                            VIOLATION OF PENAL CODE § 631**
15  AIG DIRECT INSURANCE SERVICES,
    INC., a California corporation, and DOES
    1 through 25, inclusive,
16
          Defendants.
17

18

19

20

21

22

23

24

25

26

27

28

## INTRODUCTION

**Defendant (1) covertly wiretaps the communications of all visitors who utilize the chat feature at www.aigdirect.com; and (2) shares the secret transcripts of those wiretaps with a third party that harvests personal data from them for marketing and other purposes. Defendant neither informs visitors nor obtains their prior, express consent to these intrusions. As a result, Defendant has violated the California Invasion of Privacy Act ("CIPA"), California Penal Code § 631.**

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. Section 1332 of the Class Action Fairness Act of 2005 because: (i) there are 100 or more class members, (ii) there is an aggregate amount in controversy exceeding $5,000,000, exclusive of interest and costs, and (iii) there is at least minimal diversity because at least one Plaintiff and Defendant are citizens of different states.

2. Pursuant to 28 U.S.C. Section 1391, this Court is the proper venue for this action because a substantial part of the events, omissions, and acts giving rise to the claims herein occurred in this District: Plaintiff is a citizen of California who resides in this District and Defendant conducted a substantial portion of the unlawful activity in this District.

3. Defendant is subject to personal jurisdiction in California based upon sufficient minimum contacts which exist between Defendant and California. Defendant also does business with California residents.

## PARTIES

4. Plaintiff is a citizen of California residing within the Central District of California.

5. Defendant is a California corporation that owns, operates, and/or controls the above-referenced website.

6. The above-named Defendant, along with its affiliates and agents, are collectively referred to as "Defendants." The true names and capacities of the

Defendants sued herein as DOE DEFENDANTS 1 through 25, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

7.     Plaintiff is informed and believes that at all relevant times, every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants.

8.     Plaintiff is informed and believe that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

## FACTUAL ALLEGATIONS

9.     Under the California Invasion of Privacy Act, website operators cannot create transcripts of visitors' conversations (or share such transcripts with third parties) without obtaining prior, express consent.  Compliance with CIPA is easy, and the vast majority of companies do so – simply by notifying website visitors if their conversations are being recorded.

10.    Unlike most companies, Defendant has chosen not to comply with CIPA. Rather, without warning visitors or obtaining their consent, Defendant has secretly deployed wiretapping software on its Website.  Using that software, Defendant covertly monitors, records, and creates secret transcripts of all communication through the chat feature on its website.

11.    Going from bad to worse, Defendant shares the secret transcripts with a third party that publicly boasts about its ability to harvest highly personal data from the secret chat transcripts for sales and marketing purposes.

12.    Given the nature of Defendant's business, website visitors typically share highly personal, private, and sensitive data with Defendant when using the website chat

feature.  Consumers would be shocked and appalled to know that Defendant secretly creates transcripts of those conversations and shares them with a third party.

13.     Defendant's conduct is both illegal and offensive: indeed, a recent study conducted by the Electronic Privacy Information Center, a respected thought leader regarding digital privacy, found that: (1) nearly 9 in 10 adults are "very concerned" about data privacy, and (2) 75% of adults are unaware of the extent to which companies gather, store, and exploit their personal data.  *See* https://archive.epic.org/privacy/survey/ (last downloaded September 2022).

14.     Within the statute of limitations period, Plaintiff visited Defendant's Website and communicated with an employee of Defendant through the website chat feature.  Unbeknownst to website visitors, Defendant creates exact transcripts of all such communications and shares the transcripts with at least one third party using secretly embedded wiretapping technology.

**15.     Simplified to common parlance, Defendant: (1) uses a software program that encourages website visitors to share personal information through the website chat feature; (2) secretly creates a transcript of all such conversations without warning website visitors or obtaining their consent; and (3) shares the secret transcripts with a third party that boasts of its ability to harvest personal data from the transcripts for sales and marketing purposes.**

16.     Defendant did not inform Plaintiff, or any of the Class Members, that Defendant was secretly monitoring, recording, and sharing their communications.

17.     Defendant did not obtain Plaintiff's or the Class Members' consent to intercepting, monitoring, recording, and sharing the electronic communications with the Website.

18.     Plaintiff and Class Members did not know at the time of the communications that Defendant was secretly intercepting, monitoring, recording, and sharing the electronic communications.

## CLASS ALLEGATIONS

19.     Plaintiff brings this action individually and on behalf of all others similarly situated (the "Class") defined as follows:

> **All persons within California who: (1) visited Defendant's website, and (2) whose electronic communications were recorded, stored, and/or shared by Defendant without prior express consent within the statute of limitations period.**

20.     <u>NUMEROSITY</u>: Plaintiff does not know the number of Class Members but believes the number to be in the tens of thousands, if not more. The exact identities of Class Members may be ascertained by the records maintained by Defendant.

21.     <u>COMMONALITY</u>: Common questions of fact and law exist as to all Class Members, and predominate over any questions affecting only individual members of the Class.  Such common legal and factual questions, which do not vary between Class members, and which may be determined without reference to the individual circumstances of any Class Member, include but are not limited to the following:

a.     Whether Defendant caused Plaintiff's and the Class's electronic communications with the Website to be recorded, intercepted and/or monitored;

b.     Whether Defendant violated CIPA based thereon;

c.     Whether Plaintiff and Class Members are entitled to statutory damages pursuant to Cal. Penal Code § 631(a);

d.     Whether Plaintiff and Class Members are entitled to punitive damages pursuant to Cal. Civil Code § 3294; and

e.     Whether Plaintiff and Class Members are entitled to injunctive relief.

22.     <u>TYPICALITY</u>: As a person who visited Defendant's Website and had her electronic communications recorded, intercepted and monitored, Plaintiff is asserting claims that are typical to the Class.

23.     <u>ADEQUACY</u>: Plaintiff will fairly and adequately protect the interests of the members of The Class. Plaintiff has retained attorneys experienced in the class

action litigation. All individuals with interests that are actually or potentially adverse to or in conflict with the class or whose inclusion would otherwise be improper are excluded.

24.    SUPERIORITY: A class action is superior to other available methods of adjudication because individual litigation of the claims of all Class Members is impracticable and inefficient. Even if every Class Member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous cases would proceed.

## CAUSE OF ACTION

### Violations of the California Invasion of Privacy Act

### Cal. Penal Code § 631

25.    Section 631(a) of California's Penal Code prohibits and imposes liability upon any entity that "by means of any machine, instrument, contrivance, or in any other manner," (1) "intentionally taps, or makes any unauthorized connection, whether physically, electrically, acoustically, inductively, or otherwise, with any telegraph or telephone wire, line, cable, or instrument, including the wire, line, cable, or instrument of any internal telephonic communication system," or (2) "willfully and without the consent of all parties to the communication, or in any unauthorized manner, reads, or attempts to read, or to learn the contents or meaning of any message, report, or communication while the same is in transit or passing over any wire, line, or cable, or is being sent from, or received at any place within this state" or (3) "uses, or attempts to use, in any manner, or for any purpose, or to communicate in any way, any information so obtained, or who aids, agrees with, employs, or conspires with any person or persons to unlawfully do, or permit, or cause to be done any of the acts or things mentioned above in this section".

26.    Section 631 of the California Penal Code applies to internet communications and thus applies to Plaintiff's and the Class's electronic communications with Defendant's Website. ("Though written in terms of wiretapping,

Section 631(a) applies to Internet communications. It makes liable anyone who 'reads, or attempts to read, or to learn the contents' of a communication 'without the consent of all parties to the communication.' Cal. Penal Code § 631(a)." *Javier v. Assurance IQ, LLC*, 21-16351, 2022 WL 1744107, at *1 (9th Cir. May 31, 2022).

27.   The software employed by Defendant on its Website to record Plaintiff's and the Class's electronic communications qualifies as a "machine, instrument, contrivance, or … other manner" used to engage in the prohibited conduct alleged herein.

28.   At all relevant times, Defendant intentionally caused the internet communication between Plaintiff and Class Members with Defendant's website to be intercepted, recorded, stored, and transmitted to a third party.

29.   At all relevant times, Defendant willfully, and without the consent of all parties to the communication, allowed the contents of electronic communications of visitors to its website to be accessed by third parties.

30.   Plaintiff and Class Members did not consent to any of Defendant's actions in implementing wiretaps on its Website, nor did Plaintiff or Class Members consent to Defendant's intentional access, interception, recording, monitoring, reading, learning and collection of Plaintiff and Class Members' electronic communications with the Website.

31.   Defendant's conduct constitutes numerous independent and discreet violations of Cal. Penal Code § 631(a), entitling Plaintiff and Class Members to injunctive relief and statutory damages of at least $2,500.00 per violation.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief against Defendant:

1.   An order certifying the Class, naming Plaintiff as the representative of the Class and Plaintiff's attorneys as Class counsel;

2.   An order declaring Defendant's conduct violates CIPA;

3.     An order of judgment in favor of Plaintiff and the Class and against Defendant on the cause of action asserted herein;

4.     An order enjoining Defendant's conduct as alleged herein and any other injunctive relief that the Court finds proper;

5.     Statutory damages to Plaintiff and the Class pursuant to Cal. Penal Code § 631(a);

6.     Punitive damages to Plaintiff and the Class pursuant to Cal. Civil Code § 3294;

7.     Prejudgment interest;

8.     Reasonable attorneys' fees and costs; and

9.     All other relief that would be just and proper as a matter of law or equity, as determined by the Court.

Dated: September 6, 2022         PACIFIC TRIAL ATTORNEYS, APC

By:_____
Scott. J. Ferrell
Attorneys for Plaintiff

# Exhibit L

PACIFIC TRIAL ATTORNEYS
A Professional Corporation
Scott J. Ferrell, Bar No. 202091
sferrell@pacifictrialattorneys.com
4100 Newport Place Drive, Ste. 800
Newport Beach, CA  92660
Tel: (949) 706-6464
Fax: (949) 706-6469

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANNETTE CODY, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>BOSCOV'S, INC., a Pennsylvania corporation; and DOES 1 through 25, inclusive,<br><br>    Defendants. | Case No.  8:22-cv-01434-DOC-ADS<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT** |

## INTRODUCTION

**Defendant (1) secretly wiretaps the private conversations of everyone who communicates through the chat feature at www.boscovs.com (the "Website"); and (2) pays third parties to eavesdrop on such communications in real time in order to harvest data from those conversations for financial gain.**

**Defendant does not obtain visitors' consent to either the wiretapping or the eavesdropping.   As a result, Defendant has violated the California Invasion of Privacy Act ("CIPA") in numerous ways.**

## JURISDICTION AND VENUE

1.      This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. Section 1332 of the Class Action Fairness Act of 2005 because: (i) there are 100 or more class members, (ii) there is an aggregate amount in controversy exceeding $5,000,000, exclusive of interest and costs, and (iii) there is at least minimal diversity because at least one Plaintiff and Defendant are citizens of different states.

2.      Pursuant to 28 U.S.C. Section 1391, venue is proper because a substantial part of the acts and events giving rise to the claims occurred in this District.

3.      Defendant is subject to personal jurisdiction because it has sufficient minimum contacts with California and it does business with California residents.

## PARTIES

4.      Plaintiff is a citizen of California residing within the Central District of California.

5.      Defendant is a Pennsylvania corporation that owns, operates, and/or controls the above-referenced website.

6.      The above-named Defendant, along with its affiliates and agents, are collectively referred to as "Defendants."   The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 25, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts

alleged herein. Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

7.    Plaintiff is informed and believes that at all relevant times, every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants, and that each of the acts and/or omissions complained of herein was ratified by each of the other Defendants.

## FACTUAL ALLEGATIONS

8.    The California Invasion of Privacy Act ("CIPA") prohibits both wiretapping and eavesdropping of electronic communications without the consent of all parties to the communication.  Compliance with CIPA is easy, and the vast majority of website operators comply by conspicuously warning visitors if their conversations are being recorded or if third parties are eavesdropping on them.

9.    Unlike most companies, Defendant *ignores* CIPA.  Instead, Defendant both *wiretaps* the conversations of all website visitors and pays third parties to *eavesdrop* on the conversations.  Defendant and the third parties then harvest data from the transcripts for financial gain.

10.    Defendant's actions are not incidental to the act of facilitating e-commerce, nor are they undertaken in the ordinary course of business. To the contrary, Defendant's actions are contrary to industry norms and the legitimate expectations of consumers.

11.    To enable the *wiretapping*, Defendant has covertly embedded code into its chat feature that automatically records and creates transcripts of all such private conversations.  To enable the *eavesdropping*, Defendant has paid substantial sums to two independent, third-party companies (named "Webex" and "Kustomer") to embed code into Defendant's website chat function that enables Webex and Kustomer to secretly intercept in real time, eavesdrop upon, and store transcripts of Defendant's chat communications with unsuspecting website visitors.

12.     Both Webex and Kustomer publicly boast of their ability to harvest valuable data from such communications for the benefit of their clients like Defendant, which is one of the reasons that Defendant enabled, aided, abetted, conspired with, and paid them substantial funds for their eavesdropping services.

13.     Defendant neither informs visitors of this conduct nor obtains their consent to these intrusions.

14.     Given the nature of Defendant's business, visitors often share highly sensitive personal data with Defendant via the website chat feature.  Visitors would be shocked and appalled to know that Defendant secretly records those conversations and pays third parties to eavesdrop on them in real time under the guise of "data analytics."

15.     Defendant's conduct is both illegal and offensive: indeed, a recent study conducted by the Electronic Privacy Information Center, a respected thought leader regarding digital privacy, found that: (1) nearly 9 in 10 adults are "very concerned" about data privacy, and (2) 75% of adults are unaware of the extent to which companies gather, store, and exploit their personal data.

16.     Within the statute of limitations period, Plaintiff visited Defendant's Website.  Like anyone who accesses the internet, Plaintiff and class members use smart phones (cellular telephone with integrated computers and operating systems that enables web browsing), desktop computers, and/or wifi-enabled laptops that using a combination of cellular and landline telephony.  As such, all of the class members' conversations with Defendant were transmitted from a "cellular radio telephone" and/or "landline telephone" as defined by CIPA and subject to CIPA's requirements and prohibitions.

17.     Defendant did not inform Plaintiff, or any of the Class Members, that Defendant was secretly wiretapping or recording their communications or aiding, abetting, and paying third parties to eavesdrop on them.

18.     Defendant did not obtain Class Members' express or implied consent to wiretap or allow third parties to eavesdrop on visitor conversations, nor did Class

Members know at the time of the conversations that Defendant was secretly wiretapping them and allowing third parties to eavesdrop on them.

## CLASS ALLEGATIONS

19.    Plaintiff brings this action individually and on behalf of all others similarly situated (the "Class") defined as follows:

> **All persons within California who within the statute of limitations period: (1) communicated with Defendant via the chat feature on Defendant's Website using cellular or landline telephony, and (2) whose communications were recorded and/or eavesdropped upon without prior consent.**

20.    <u>NUMEROSITY</u>: Plaintiff does not know the number of Class Members but believes the number to be in the thousands, if not more. The exact identities of Class Members may be ascertained by the records maintained by Defendant.

21.    <u>COMMONALITY</u>: Common questions of fact and law exist as to all Class Members, and predominate over any questions affecting only individual members of the Class.  Such common legal and factual questions, which do not vary between Class members, and which may be determined without reference to the individual circumstances of any Class Member, include but are not limited to the following:

a.    Whether Defendant caused electronic communications from class members with the Website to be recorded, intercepted, and/or monitored;

b.    Whether Defendant aided and abetted a third party in eavesdropping on such communications;

c.    Whether Plaintiff and Class Members are entitled to statutory penalties; and

d.    Whether Class Members are entitled to injunctive relief.

22.    <u>TYPICALITY</u>: As a person who visited Defendant's Website and whose electronic communication was recorded, intercepted and eavesdropped upon, Plaintiff is asserting claims that are typical of the Class.

23.     ADEQUACY: Plaintiff will fairly and adequately protect the interests of the members of The Class. Plaintiff has retained attorneys experienced in the class action litigation.  All individuals with interests that are actually or potentially adverse to or in conflict with the class or whose inclusion would otherwise be improper are excluded.

24.     SUPERIORITY: A class action is superior to other available methods of adjudication because individual litigation of the claims of all Class Members is impracticable and inefficient.  Even if every Class Member could afford individual litigation, the court system could not.  It would be unduly burdensome to the courts in which individual litigation of numerous cases would proceed.

## FIRST CAUSE OF ACTION

### Violations of the California Invasion of Privacy Act

### Cal. Penal Code § 631

25.     Section 631(a) of California's Penal Code imposes liability upon any entity that "by means of any machine, instrument, contrivance, or in any other manner," (1) "intentionally taps, or makes any unauthorized connection, whether physically, electrically, acoustically, inductively, or otherwise, with any telegraph or telephone wire, line, cable, or instrument, including the wire, line, cable, or instrument of any internal telephonic communication system," or (2) "willfully and without the consent of all parties to the communication, or in any unauthorized manner, reads, or attempts to read, or to learn the contents or meaning of any message, report, or communication while the same is in transit or passing over any wire, line, or cable, or is being sent from, or received at any place within this state" or (3) "uses, or attempts to use, in any manner, or for any purpose, or to communicate in any way, any information so obtained, or who aids, agrees with, employs, or conspires with any person or persons to unlawfully do, or permit, or cause to be done any of the acts or things mentioned above in this section".  Here, Defendant does all three.

26. Section 631 of the California Penal Code applies to internet communications and thus applies to Plaintiff's and the Class's electronic communications with Defendant's Website. "Though written in terms of wiretapping, Section 631(a) applies to Internet communications. It makes liable anyone who 'reads, or attempts to read, or to learn the contents' of a communication 'without the consent of all parties to the communication.' Cal. Penal Code § 631(a)." *Javier v. Assurance IQ, LLC*, No. 21-16351, 2022 WL 1744107, at *1 (9th Cir. May 31, 2022).

27. The software embedded on Defendant's Website to record and eavesdrop upon the Class's communications qualifies as a "machine, instrument, contrivance, or … other manner" used to engage in the prohibited conduct alleged herein.

28. At all relevant times, Defendant intentionally caused the internet communication between Plaintiff and Class Members with Defendant's Website to be recorded. Defendant also aided, abetted, and even paid third parties to eavesdrop upon such conversations.

29. Plaintiff and Class Members did not expressly or impliedly consent to any of Defendant's actions.

30. Defendant's conduct constitutes numerous independent and discreet violations of Cal. Penal Code § 631(a), entitling Plaintiff and Class Members to injunctive relief and statutory damages.

## SECOND CAUSE OF ACTION

### Violations of the California Invasion of Privacy Act

### Cal. Penal Code § 632.7

31. Section 632.7 of California's Penal Code imposes liability upon anyone "who, without the consent of all parties to a communication, intercepts or receives and intentionally records, or assists in the interception or reception and intentional recordation of, a communication transmitted between two cellular radio telephones, a cellular radio telephone and a landline telephone, two cordless telephones, a cordless

telephone and a landline telephone, or a cordless telephone and a cellular radio telephone."

32.     Plaintiff and the class members communicated with Defendant using smartphones (sophisticated cellular radio telephones) and/or devices enabled by cellular or landline telephony.  As such, Plaintiff's communication was transmitted from a "cellular radio telephone" and/or "landline telephone" as defined by Section 632.7.

33.     Communication from the chat function on Defendant's website is transmitted via a combination of landline telephony and cellular telephony.  As such, Defendant's communications with plaintiff and the class were transmitted from telephony subject to the prohibitions of Section 632.7.

34.     As set forth above, Defendant recorded telephony communication without the consent of all parties to the communication in violation of Section 632.7.

35.     As set forth above, Defendant also assisted third parties in the interception, reception, and/or intentional recordation of telephony communication in violation of Section 632.7.

36.     Defendant's conduct constitutes numerous independent and discreet violations of Cal. Penal Code § 632.7, entitling Plaintiff and Class Members to injunctive relief and statutory damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief against Defendant:

1.     An order certifying the Class, naming Plaintiff as the representative of the Class and Plaintiff's attorneys as Class counsel;

2.     An order declaring Defendant's conduct violates CIPA;

3.     An order of judgment in favor of Plaintiff and the Class and against Defendant on the causes of action asserted herein;

4.     An order enjoining Defendant's conduct as alleged herein and any other injunctive relief that the Court finds proper;

5.     Statutory damages pursuant to CIPA;

6.      Punitive damages;

7.      Prejudgment interest;

8.      Reasonable attorneys' fees and costs; and

9.      All other relief that would be just and proper as a matter of law or equity, as determined by the Court.

Dated:  September 19, 2022        PACIFIC TRIAL ATTORNEYS, APC

By:_____

Scott. J. Ferrell
Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on September 19, 2022, I electronically filed the foregoing **FIRST AMENDED CLASS ACTION COMPLAINT** with the Clerk of the Court using the CM/ECF system which will send notification of such filing via electronic mail to all counsel of record.

*/s/ Scott J. Ferrell*
Scott J. Ferrell

# Exhibit M

PACIFIC TRIAL ATTORNEYS
A Professional Corporation
Scott J. Ferrell, Bar No. 202091
sferrell@pacifictrialattorneys.com
4100 Newport Place Drive, Ste. 800
Newport Beach, CA  92660
Tel: (949) 706-6464
Fax: (949) 706-6469

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

ARISHA BYARS, individually and on behalf of all others similarly situated,

      Plaintiff,

      v.

RITE AID CORP., a Delaware corporation; and DOES 1 through 25, inclusive,

      Defendants.

Case No. 5:22-cv-01377-SSS-KK

**FIRST AMENDED CLASS ACTION COMPLAINT**

## INTRODUCTION

**Defendant (1) secretly wiretaps the private conversations of everyone who communicates through the chat feature at www.riteaid.com (the "Website"); and (2) pays a third party to eavesdrop on such communications in real time in order to harvest data from those conversations for financial gain.**

**Defendant does not obtain visitors' consent to either the wiretapping or the eavesdropping. As a result, Defendant has violated the California Invasion of Privacy Act ("CIPA") in numerous ways.**

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. Section 1332 of the Class Action Fairness Act of 2005 because: (i) there are 100 or more class members, (ii) there is an aggregate amount in controversy exceeding $5,000,000, exclusive of interest and costs, and (iii) there is at least minimal diversity because at least one Plaintiff and Defendant are citizens of different states.

2. Pursuant to 28 U.S.C. Section 1391, venue is proper because a substantial part of the acts and events giving rise to the claims occurred in this District.

3. Defendant is subject to personal jurisdiction because it has sufficient minimum contacts with California and it does business with California residents.

## PARTIES

4. Plaintiff is a citizen of California residing within the Central District of California.

5. Defendant is a Delaware corporation that owns, operates, and/or controls the above-referenced website.

6. The above-named Defendant, along with its affiliates and agents, are collectively referred to as "Defendants." The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 25, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts

alleged herein. Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

7.      Plaintiff is informed and believes that at all relevant times, every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants, and that each of the acts and/or omissions complained of herein was ratified by each of the other Defendants.

## FACTUAL ALLEGATIONS

8.      The California Invasion of Privacy Act ("CIPA") prohibits both wiretapping and eavesdropping of electronic communications without the consent of all parties to the communication.  Compliance with CIPA is easy, and the vast majority of website operators comply by conspicuously warning visitors if their conversations are being recorded or if third parties are eavesdropping on them.

9.      Unlike most companies, Defendant *ignores* CIPA.  Instead, Defendant both **wiretaps** the conversations of all website visitors and pays a third party to **eavesdrop** on the conversations.  Defendant and the third parties can then harvest data from the transcripts for financial gain.

10.     Defendant's actions are not incidental to the act of facilitating e-commerce, nor are they undertaken in the ordinary course of business. To the contrary, Defendant's actions are contrary to industry norms and the legitimate expectations of consumers.

11.     To enable the **wiretapping**, Defendant has covertly embedded code into its chat feature that automatically records and creates transcripts of all such private conversations.  To enable the **eavesdropping**, Defendant has paid substantial sums to a third-party company (named "WebEx") to embed code into Defendant's website that enables WebEx to secretly intercept in real time, eavesdrop upon, and store transcripts of Defendant's chat communications with unsuspecting website visitors.

12.     WebEx publicly boasts of its ability to harvest valuable data from such communications for the benefit of clients like Defendant, which is one of the reasons

that Defendant enabled, aided, abetted, conspired with, and paid substantial funds for its eavesdropping services.

13.    Defendant neither informs visitors of this conduct nor obtains their consent to these intrusions.

14.    Given the nature of Defendant's business, visitors often share highly sensitive personal data with Defendant via the website chat feature.  Visitors would be shocked and appalled to know that Defendant secretly records those conversations and pays third parties to eavesdrop on them in real time under the guise of "data analytics."

15.    Defendant's conduct is both illegal and offensive: indeed, a recent study conducted by the Electronic Privacy Information Center, a respected thought leader regarding digital privacy, found that: (1) nearly 9 in 10 adults are "very concerned" about data privacy, and (2) 75% of adults are unaware of the extent to which companies gather, store, and exploit their personal data.

16.    Within the statute of limitations period, Plaintiff visited Defendant's Website.  Plaintiff and class members used smart phones (cellular telephones with an integrated computer and an operating system that enables web browsing) and/or wifi-enabled laptops using a combination of cellular and landline telephony.  As such, the conversations with Defendant were transmitted from a "cellular radio telephone" and/or "landline telephone" as defined by CIPA.

17.    Defendant did not inform Plaintiff, or any of the Class Members, that Defendant was secretly recording their communications or aiding, abetting, and paying third parties to eavesdrop on them.

18.    Defendant did not obtain Class Members' express or implied consent to wiretap or allow third parties to eavesdrop on visitor conversations, nor did Class Members know at the time of the conversations that Defendant was secretly wiretapping them and allowing third parties to eavesdrop on them.

19.    Plaintiff was not presented with, did not seek, and certainly did not assent to any "terms and conditions" purporting to govern the usage of Defendant's website

(such as a venue provision, class action waiver, or choice of law clause).  As such, any such purported terms are inapplicable and irrelevant.

## **CLASS ALLEGATIONS**

20.     Plaintiff brings this action individually and on behalf of all others similarly situated (the "Class") defined as follows:

> **All persons within California who within the statute of limitations period: (1) communicated with Defendant via the chat feature on Defendant's Website using cellular or landline telephony, and (2) whose communications were recorded and/or eavesdropped upon without prior consent.**

21.     <u>NUMEROSITY</u>: Plaintiff does not know the number of Class Members but believes the number to be in the thousands, if not more. The exact identities of Class Members may be ascertained by the records maintained by Defendant.

22.     <u>COMMONALITY</u>: Common questions of fact and law exist as to all Class Members, and predominate over any questions affecting only individual members of the Class.  Such common legal and factual questions, which do not vary between Class members, and which may be determined without reference to the individual circumstances of any Class Member, include but are not limited to the following:

a.      Whether Defendant caused electronic communications from class members with the Website to be recorded, intercepted, and/or monitored;

b.      Whether Defendant aided and abetted a third party in eavesdropping on such communications;

c.      Whether Plaintiff and Class Members are entitled to statutory penalties; and

d.      Whether Class Members are entitled to injunctive relief.

23.     <u>TYPICALITY</u>: As a person who visited Defendant's Website and whose electronic communication was recorded, intercepted and eavesdropped upon, Plaintiff is asserting claims that are typical of the Class.

24.    ADEQUACY: Plaintiff will fairly and adequately protect the interests of the members of The Class. Plaintiff has retained attorneys experienced in the class action litigation.  All individuals with interests that are actually or potentially adverse to or in conflict with the class or whose inclusion would otherwise be improper are excluded.

25.    SUPERIORITY: A class action is superior to other available methods of adjudication because individual litigation of the claims of all Class Members is impracticable and inefficient.  Even if every Class Member could afford individual litigation, the court system could not.  It would be unduly burdensome to the courts in which individual litigation of numerous cases would proceed.

## FIRST CAUSE OF ACTION

### Violations of the California Invasion of Privacy Act

### Cal. Penal Code § 631

26.    Section 631(a) of California's Penal Code imposes liability upon any entity that "by means of any machine, instrument, contrivance, or in any other manner," (1) "intentionally taps, or makes any unauthorized connection, whether physically, electrically, acoustically, inductively, or otherwise, with any telegraph or telephone wire, line, cable, or instrument, including the wire, line, cable, or instrument of any internal telephonic communication system," or (2) "willfully and without the consent of all parties to the communication, or in any unauthorized manner, reads, or attempts to read, or to learn the contents or meaning of any message, report, or communication while the same is in transit or passing over any wire, line, or cable, or is being sent from, or received at any place within this state" or (3) "uses, or attempts to use, in any manner, or for any purpose, or to communicate in any way, any information so obtained, or who aids, agrees with, employs, or conspires with any person or persons to unlawfully do, or permit, or cause to be done any of the acts or things mentioned above in this section".  Here, Defendant does all three.

27. Section 631 of the California Penal Code applies to internet communications and thus applies to Plaintiff's and the Class's electronic communications with Defendant's Website. "Though written in terms of wiretapping, Section 631(a) applies to Internet communications. It makes liable anyone who 'reads, or attempts to read, or to learn the contents' of a communication 'without the consent of all parties to the communication.' Cal. Penal Code § 631(a)." *Javier v. Assurance IQ, LLC*, No. 21-16351, 2022 WL 1744107, at *1 (9th Cir. May 31, 2022).

28. The software embedded on Defendant's Website to record and eavesdrop upon the Class's communications qualifies as a "machine, instrument, contrivance, or … other manner" used to engage in the prohibited conduct alleged herein.

29. At all relevant times, Defendant intentionally caused the internet communication between Plaintiff and Class Members with Defendant's Website to be recorded. Defendant also aided, abetted, and even paid third parties to eavesdrop upon such conversations.

30. Plaintiff and Class Members did not expressly or impliedly consent to any of Defendant's actions.

31. Defendant's conduct constitutes numerous independent and discreet violations of Cal. Penal Code § 631(a), entitling Plaintiff and Class Members to injunctive relief and statutory damages.

## SECOND CAUSE OF ACTION

### Violations of the California Invasion of Privacy Act

### Cal. Penal Code § 632.7

32. Section 632.7 of California's Penal Code imposes liability upon anyone "who, without the consent of all parties to a communication, intercepts or receives and intentionally records, or assists in the interception or reception and intentional recordation of, a communication transmitted between two cellular radio telephones, a cellular radio telephone and a landline telephone, two cordless telephones, a cordless

telephone and a landline telephone, or a cordless telephone and a cellular radio telephone."

33.     Plaintiff and the class members communicated with Defendant using smartphones (sophisticated cellular radio telephones) and/or devices enabled by cellular or landline telephony.  As such, Plaintiff's communication was transmitted from a "cellular radio telephone" and/or "landline telephone" as defined by Section 632.7.

34.     Communication from the chat function on Defendant's website is transmitted via a combination of landline telephony and cellular telephony.  As such, Defendant's communications with plaintiff and the class were transmitted from telephony subject to the prohibitions of Section 632.7.

35.     As set forth above, Defendant recorded telephony communication without the consent of all parties to the communication in violation of Section 632.7.

36.     As set forth above, Defendant also assisted third parties in the interception, reception, and/or intentional recordation of telephony communication in violation of Section 632.7.

37.     Defendant's conduct constitutes numerous independent and discreet violations of Cal. Penal Code § 632.7, entitling Plaintiff and Class Members to injunctive relief and statutory damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief against Defendant:

1.     An order certifying the Class, naming Plaintiff as the representative of the Class and Plaintiff's attorneys as Class counsel;

2.     An order declaring Defendant's conduct violates CIPA;

3.     An order of judgment in favor of Plaintiff and the Class and against Defendant on the causes of action asserted herein;

4.     An order enjoining Defendant's conduct as alleged herein and any other injunctive relief that the Court finds proper;

5.     Statutory damages pursuant to CIPA;

1    6.    Punitive damages;

2    7.    Prejudgment interest;

3    8.    Reasonable attorneys' fees and costs; and

4         9.    All other relief that would be just and proper as a matter of law or

5    equity, as determined by the Court.

6    Dated:  September 20, 2022                    PACIFIC TRIAL ATTORNEYS, APC

7

8                                            By:_____

9                                            Scott. J. Ferrell
                                             Attorneys for Plaintiff

# CERTIFICATE OF SERVICE

I hereby certify that on September 20, 2022, I electronically filed the foregoing **FIRST AMENDED CLASS ACTION COMPLAINT** with the Clerk of the Court using the CM/ECF system which will send notification of such filing via electronic mail to all counsel of record.

*/s/ Scott J. Ferrell*
Scott J. Ferrell

# Exhibit N

PACIFIC TRIAL ATTORNEYS
A Professional Corporation
Scott J. Ferrell, Bar No. 202091
sferrell@pacifictrialattorneys.com
4100 Newport Place Drive, Ste. 800
Newport Beach, CA 92660
Tel: (949) 706-6464
Fax: (949) 706-6469

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARISHA BYARS, individually and on behalf of all others similarly situated, | Case No. 5:22-cv-01358-SSS-KK |
| Plaintiff, | |
| v. | **FIRST AMENDED CLASS ACTION COMPLAINT** |
| THE GOODYEAR TIRE AND RUBBER CO., an Ohio corporation; and DOES 1 through 25, inclusive, | |
| Defendants. | |

# INTRODUCTION

**Defendant (1) secretly wiretaps the private conversations of everyone who communicates through the chat feature at www.goodyear.com (the "Website"); and (2) pays a third party to eavesdrop on such communications in real time in order to harvest data from those conversations for financial gain.**

**Defendant does not obtain visitors' consent to either the wiretapping or the eavesdropping.   As a result, Defendant has violated the California Invasion of Privacy Act ("CIPA") in numerous ways.**

## JURISDICTION AND VENUE

1.    This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. Section 1332 of the Class Action Fairness Act of 2005 because: (i) there are 100 or more class members, (ii) there is an aggregate amount in controversy exceeding $5,000,000, exclusive of interest and costs, and (iii) there is at least minimal diversity because at least one Plaintiff and Defendant are citizens of different states.

2.    Pursuant to 28 U.S.C. Section 1391, venue is proper because a substantial part of the acts and events giving rise to the claims occurred in this District.

3.    Defendant is subject to personal jurisdiction because it has sufficient minimum contacts with California and it does business with California residents.

## PARTIES

4.    Plaintiff is a citizen of California residing within the Central District of California.

5.    Defendant is an Ohio corporation that owns, operates, and/or controls the above-referenced website.

6.    The above-named Defendant, along with its affiliates and agents, are collectively referred to as "Defendants."   The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 25, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts

alleged herein. Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

7.     Plaintiff is informed and believes that at all relevant times, every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants, and that each of the acts and/or omissions complained of herein was ratified by each of the other Defendants.

## FACTUAL ALLEGATIONS

8.     The California Invasion of Privacy Act ("CIPA") prohibits both wiretapping and eavesdropping of electronic communications without the consent of all parties to the communication.  Compliance with CIPA is easy, and the vast majority of website operators comply by conspicuously warning visitors if their conversations are being recorded or if third parties are eavesdropping on them.

9.     Unlike most companies, Defendant *ignores* CIPA.  Instead, Defendant both *wiretaps* the conversations of all website visitors and pays a third party to *eavesdrop* on the conversations.  Defendant and third parties can then harvest data from the transcripts for financial gain.

10.    Defendant's actions are not incidental to the act of facilitating e-commerce, nor are they undertaken in the ordinary course of business. To the contrary, Defendant's actions are contrary to industry norms and the legitimate expectations of consumers.

11.    To enable the *wiretapping*, Defendant has covertly embedded code into its chat feature that automatically records and creates transcripts of all such private conversations.  To enable the *eavesdropping*, Defendant has paid substantial sums to an independent, third-party company (named "eGain") to embed code into Defendant's website that enables eGain to secretly intercept in real time, eavesdrop upon, and store transcripts of Defendant's chat communications with unsuspecting website visitors.

12.    eGain publicly boasts of its ability to harvest valuable data from such communications for the benefit of their clients like Defendant, which is one of the

reasons that Defendant enabled, aided, abetted, conspired with, and paid them substantial funds for their eavesdropping services. *See* https://www.egain.com/products/analytics/. (*"Capture customer behavior on the website…Create informative reports, charts and dashboards effortlessly…Slice-&-dice the data in any number of ways and use it to manage the business effectively."*).

13. Defendant neither informs visitors of this conduct nor obtains their consent to these intrusions.

14. Given the nature of Defendant's business, visitors often share highly sensitive personal data with Defendant via the website chat feature. Visitors would be shocked and appalled to know that Defendant secretly records those conversations and pays third parties to eavesdrop on them in real time under the guise of "data analytics."

15. Defendant's conduct is both illegal and offensive: indeed, a recent study conducted by the Electronic Privacy Information Center, a respected thought leader regarding digital privacy, found that: (1) nearly 9 in 10 adults are "very concerned" about data privacy, and (2) 75% of adults are unaware of the extent to which companies gather, store, and exploit their personal data.

16. Within the statute of limitations period, Plaintiff visited Defendant's Website. Plaintiff and the class used smart phones (cellular telephony with integrated operating systems to enable web browsing) and/or wifi-enabled laptops using a combination of cellular and landline telephony. As such, the conversations with Defendant were transmitted from a "cellular radio telephone" and/or "landline telephone" as defined by CIPA.

17. Defendant did not inform Plaintiff, or any of the Class Members, that Defendant was secretly recording their communications or aiding, abetting, and paying third parties to eavesdrop on them.

18. Plaintiff was not presented with, did not see, and certainly did not assent to any anti-consumer "terms and conditions" on the website (such as a venue provision,

arbitration provision, or class waiver).  As such, to the extent that any such provisions exist, they are inapplicable and irrelevant here.

19.    Defendant did not obtain Class Members' express or implied consent to wiretap or allow third parties to eavesdrop on visitor conversations, nor did Class Members know at the time of the conversations that Defendant was secretly wiretapping them and allowing third parties to eavesdrop on them.

## CLASS ALLEGATIONS

20.    Plaintiff brings this action individually and on behalf of all others similarly situated (the "Class") defined as follows:

> **All persons within California who within the statute of limitations period: (1) communicated with Defendant via the chat feature on Defendant's Website using cellular or landline telephony, and (2) whose communications were recorded and/or eavesdropped upon without prior consent.**

21.    NUMEROSITY: Plaintiff does not know the number of Class Members but believes the number to be in the thousands, if not more. The exact identities of Class Members may be ascertained by the records maintained by Defendant.

22.    COMMONALITY: Common questions of fact and law exist as to all Class Members, and predominate over any questions affecting only individual members of the Class.  Such common legal and factual questions, which do not vary between Class members, and which may be determined without reference to the individual circumstances of any Class Member, include but are not limited to the following:

a.    Whether Defendant caused electronic communications from class members with the Website to be recorded, intercepted, and/or monitored;

b.    Whether Defendant aided and abetted a third party in eavesdropping on such communications;

c.    Whether Plaintiff and Class Members are entitled to statutory penalties; and

d.      Whether Class Members are entitled to injunctive relief.

23.      <u>TYPICALITY</u>: As a person who visited Defendant's Website and whose electronic communication was recorded, intercepted and eavesdropped upon, Plaintiff is asserting claims that are typical of the Class.

24.      <u>ADEQUACY</u>: Plaintiff will fairly and adequately protect the interests of the members of The Class. Plaintiff has retained attorneys experienced in the class action litigation.  All individuals with interests that are actually or potentially adverse to or in conflict with the class or whose inclusion would otherwise be improper are excluded.

25.      <u>SUPERIORITY</u>: A class action is superior to other available methods of adjudication because individual litigation of the claims of all Class Members is impracticable and inefficient.  Even if every Class Member could afford individual litigation, the court system could not.  It would be unduly burdensome to the courts in which individual litigation of numerous cases would proceed.

## FIRST CAUSE OF ACTION

### Violations of the California Invasion of Privacy Act

### Cal. Penal Code § 631

26.      Section 631(a) of California's Penal Code imposes liability upon any entity that "by means of any machine, instrument, contrivance, or in any other manner," (1) "intentionally taps, or makes any unauthorized connection, whether physically, electrically, acoustically, inductively, or otherwise, with any telegraph or telephone wire, line, cable, or instrument, including the wire, line, cable, or instrument of any internal telephonic communication system," or (2) "willfully and without the consent of all parties to the communication, or in any unauthorized manner, reads, or attempts to read, or to learn the contents or meaning of any message, report, or communication while the same is in transit or passing over any wire, line, or cable, or is being sent from, or received at any place within this state" or (3) "uses, or attempts to use, in any manner, or for any purpose, or to communicate in any way, any information so

obtained, or who aids, agrees with, employs, or conspires with any person or persons to unlawfully do, or permit, or cause to be done any of the acts or things mentioned above in this section". Here, Defendant does all three.

27. Section 631 of the California Penal Code applies to internet communications and thus applies to Plaintiff's and the Class's electronic communications with Defendant's Website. "Though written in terms of wiretapping, Section 631(a) applies to Internet communications. It makes liable anyone who 'reads, or attempts to read, or to learn the contents' of a communication 'without the consent of all parties to the communication.' Cal. Penal Code § 631(a)." *Javier v. Assurance IQ, LLC*, No. 21-16351, 2022 WL 1744107, at *1 (9th Cir. May 31, 2022).

28. The software embedded on Defendant's Website to record and eavesdrop upon the Class's communications qualifies as a "machine, instrument, contrivance, or … other manner" used to engage in the prohibited conduct alleged herein.

29. At all relevant times, Defendant intentionally caused the internet communication between Plaintiff and Class Members with Defendant's Website to be recorded. Defendant also aided, abetted, and even paid third parties to eavesdrop upon such conversations.

30. Plaintiff and Class Members did not expressly or impliedly consent to any of Defendant's actions.

31. Defendant's conduct constitutes numerous independent and discreet violations of Cal. Penal Code § 631(a), entitling Plaintiff and Class Members to injunctive relief and statutory damages.

## SECOND CAUSE OF ACTION

### Violations of the California Invasion of Privacy Act

### Cal. Penal Code § 632.7

32. Section 632.7 of California's Penal Code imposes liability upon anyone "who, without the consent of all parties to a communication, intercepts or receives and intentionally records, or assists in the interception or reception and intentional

recordation of, a communication transmitted between two cellular radio telephones, a cellular radio telephone and a landline telephone, two cordless telephones, a cordless telephone and a landline telephone, or a cordless telephone and a cellular radio telephone."

33.     Plaintiff and the class members communicated with Defendant using smartphones (sophisticated cellular radio telephones) and/or devices enabled by cellular or landline telephony.  As such, Plaintiff's communication was transmitted from a "cellular radio telephone" and/or "landline telephone" as defined by Section 632.7.

34.     Communication from the chat function on Defendant's website is transmitted via a combination of landline telephony and cellular telephony.  As such, Defendant's communications with plaintiff and the class were transmitted from telephony subject to the prohibitions of Section 632.7.

35.     As set forth above, Defendant recorded telephony communication without the consent of all parties to the communication in violation of Section 632.7.

36.     As set forth above, Defendant also assisted third parties in the interception, reception, and/or intentional recordation of telephony communication in violation of Section 632.7.

37.     Defendant's conduct constitutes numerous independent and discreet violations of Cal. Penal Code § 632.7, entitling Plaintiff and Class Members to injunctive relief and statutory damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief against Defendant:

1.     An order certifying the Class, naming Plaintiff as the representative of the Class and Plaintiff's attorneys as Class counsel;

2.     An order declaring Defendant's conduct violates CIPA;

3.     An order of judgment in favor of Plaintiff and the Class and against Defendant on the causes of action asserted herein;

4.     An order enjoining Defendant's conduct as alleged herein and any other injunctive relief that the Court finds proper;

5.     Statutory damages pursuant to CIPA;

6.     Punitive damages;

7.     Prejudgment interest;

8.     Reasonable attorneys' fees and costs; and

9.     All other relief that would be just and proper as a matter of law or equity, as determined by the Court.

Dated:  September 21, 2022       PACIFIC TRIAL ATTORNEYS, APC

By: _____

Scott. J. Ferrell
Attorneys for Plaintiff